Opinion of the court, by
Judge Burnet:
The question to be decided in this case is, which of the parties is entitled to a sum of money made on execution, each having a judgment and a levy on the property sold prior to the sale. The' facts in the agreed case, as far as it is necessary to notice them, are these: In August, 1820, Winans obtained a-judgment against Adams as principal and Hollingsworth as security, and in November following issued an execution, which was levied on a lot of ground, No. 294, the property of Adams. As the statute requires the property of the principal debtor to be exhausted before execution can be levied on the property of the surety, Winans could not make a levy on the property of Hollingsworth till the property of Adams was sold. In May, 1823, the above lot, No. 294, was sold by the sheriff on an execution in favor of Dunlevy, against Adams, issued on a judgment rendered in November, 1819. This judgment having a preferable lien to that of Winans, the money arising from the sale was paid to Dunlevy. Winans then set aside his levy, made as above, and issued a new execution, and on August 4, 1823, caused it to be levied on lots Nos. 272, 274, 276, and 278, as the property of Hollingsworth, the security.
In June term, 1822, Earnfit obtained a judgment against Hollingsworth, and on the 15th of April following, caused an execution to be levied on four lots, being the same on which Winans afterward *127 levied, as stated above. These lots have been sold by the sheriff, and the question is, which of the parties is entitled to the money.
Winans has the oldest judgment, but he did not levy on the property in question within a year from the date of his judgment.
*Earnfit has the oldest levy, and his levy was made within a year after the entry of his judgment. He will therefore be entitled to the money, on the principles settled in the case of Shuee v. .Ferguson, at the present term, unless the statute restraining a levy on the property of a surety till after the property oí the principal is exhausted, can protect him.
This case is very clearly within that part of section 17 of the act of 1824, which postpones the lien of judgments on which execution shall not have been levied before the expiration oí a year. And as the legislature have, by express enactment in the same section, excepted from its operation a number of cases in which judgment creditors may be restrained by law from obtaining a levy immediately after the rendition of judgment, and have not included the ease before us, the legal presumption is that they did not intend to provide for it, or to save it from the operation of the section.
As the saving clause is special, and states distinctly the cases to be protected by it, the court can not, by any rule of construction, enlarge it for the purpose oí embracing other cases than those enumerated.
The order of the court of common pleas, therefore, must be reversed, and the cause remanded, with instructions to appropriate the money to the judgment of Earnfit.