Opinion of the court, by
Judge Burnet:
It appears from the agreed case that the sheriff of Warren holds in his hands a surplus of seven hundred and forty dollars, made on execution against Wm. Ferguson, subject to the claims of other judgment creditors. Motions were made in the court of common pleas for this surplus, on behalf of the assignees of the Lebanon Miami Banking Company; on behalf of the Bank of the United States; on behalf of Thomas Shuee, and on behalf of Jeremiah Emlin, being separate judgment creditors of the said Ferguson. The court of common pleas ordered the money to be paid to the assignees of the Lebanon Bank, on the supposition that they had the oldest and the best lien. Each of the applicants took a writ, of certiorari to set aside that order, on the ground that it was erroneously made.
The facts by which the priority of lien of these judgments is to-be determined are these:
The Bank of the United States obtained a judgment against. Ferguson and others, on January 8, 1822, in the Circuit Court of the United States, and on August 20,1823, caused an execution to-be levied on a quarter section of land of the defendant, Ferguson’s, by the sale of which, on an older judgment, the surplus money in question has been made.
The Lebanon Banking Company obtained' a judgment against Ferguson and others, in August, 1823, but never have caused an •execution to be levied on the land in question.
*129 Hansburger and Sellers, in May, 1823, obtained a judgment by attachment against Ferguson, as a debtor óf the Lebanon Bank, and also obtained an assignment on the judgment in favor of that bank, against Ferguson, and on December 23, 1826, caused an execution to be levied on the land in question.
Thomas Shuee obtained a judgment against the same defendant on December 24, 1825, and caused an ^execution to be taken out and levied on the land in question on December 23, 1826.
J. Emlin obtained a judgment against the same defendant on December 24,1825, and caused an execution to be taken out and levied on the same land on December 23, 1826.
The question of preference among these creditors depends on section 17 of the act of 1824, regulating judgments and executions, which is in these words : “That no judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one year next after the rendition of such judgment, shall operate as a lien on the estate of any debtor, to the prejudice of any other bona fide judgment creditor.”
In McCormick v. Alexander, 2 Ohio, 65, it was decided that that section was not inconsistent with the constitution, and that it must be applied as well to judgments which had been rendered before its passage as to those which might be rendered afterward, and that, although a levy had been made on a judgment after the expiration of a year, and before the act of 1824 took effect, yet the lien should give way to a junior judgment, levied within the year and before the levy made on the older judgment. This decision brings all the judgment creditors who have applied for the money in dispute within the operation of the act of 1824, although some of them had made their levies before that act took effect.
In giving a construction to the statute in question, for the purpose of settling the matter in controversy between these parties, the court have decided the following points:
1. To take a case out of the operation of section 17 of this act, a levy must have been made on the property in question within a year after the rendition of the judgment. A levy'on other property, though within the year, will not save the lien as to the property not levied on.
2. If there are several judgments, and the property in question has not been levied on within the year under either of them, they *130 stand on an equal footing, and the judgment creditor who first takes out execution and causes a levy to be made, will have the preference.
*3. If execution on an older judgment has not been levied on a particular piece of property within the year, and an execution on a junior judgment has been levied on that property within the year, the junior judgment must have the preference, although a levy may have been made on the same properly, under the older judgment, before the levy was made on the junior judgment. The lien of the junior judgment on all property, not levied on under the older judgment within the year, must continue for one year from its date, to the exclusion of the older judgment, provided the junior judgment was rendered before the levy was made on the older judgment. A levy on the older judgment, though after the year, if made before the dateofthe junior judgment,will have the preference.
On this construction of the statute it follows, that the Bank of the United States has the preference. Their levy is the oldest, and it was made before the rendition of either of the judgments, on which levies were made within the year ; and if their process had issued from a state court, this court would direct the surplus money in question to be paid to them, but as we have no control over the process, or officers of the circuit court, and can not compel satisfaction to be entered on judgments rendered by them, we do not feel authorized to order a payment on this judgment. The practice of ■directing the application of money, in cases like this, in a summary way, is intended to save time and litigation, and the propriety of ■exercising it, depends on the power of the court to see that justice •is done to all parties. This they can not do, when the person to ■whom the money is to be paid is not within their control.
Next in order of preference are the judgments of Shuee and Emlin. Their levies wore made within the year, and before the levy of Hansburger and Sellers, which was not made till the expiration of more than three years after the date of their judgment. These creditors, therefore, would be entitled to the surplus, in proportion to the amount of their judgments, if the claim of the Bank of the United States was out of the way, but as that judgment has the preference, this court will not direct the sheriff in a matter in ■which ho may incur a personal risk.
The order of the common pleas, however, must be reversed, and the cases remanded.