Hitchcock, C. J.
From the record it appears that the three judgments were all rendered at the same term of the same court, although on different days in the term. As they were all judgments by confession, and as such judgments operate as liens only from the day of rendition, had there been land in the county of Fairfield, the judgment first rendered' would have had the preferable lien upon such land.
It further appears, that during the same term of the court in which these judgments were entered, executions were* issued upon them, directed to the sheriff of an adjoining: county, to wit, the county of Ross, and 'by him levied upon *410 the same real estate. These executions have different dates, and were levied on different days, but they were issued during the same term of the court at which the judgments were entered, and although levied on different days, were still levied before the term of the court was closed.
The real property, so as aforesaid levied upon, was sold under vendi, on the 28th April, 1849, for $1,383.34, and the money brought into court.
The money thus made not being sufficient to satisfy the several judgments, the court of common pleas ordered that the judgment of May, it having been first rendered, and the execution thereon first levied, should be first satisfied in full, and that the balance of the money, after such satisfaction, should be applied to the judgment of Fullerton.
To reverse this order, this writ of certiorari is prosecuted. The errors assigned ra'ise the question, whether the money thus made should be distributed or appropriated to the several judgments, in proportion to their respective amounts, or whether it should be appropriated to the satisfaction of those judgments in the order in which they were rendered, and the executions thereon levied.
The determination _ of these questions depends upon the construction of the “ act regulating judgments and executions,” more especially the second and fourth sections of that act.
But, before proceeding to the examination of this act, it is necessary to dispose of a preliminary question raised by the defendants in certiorari. It is alleged by them, that before the writ of certiorari was allowed, the sheriff had paid over the money, in pursuance of the order of the court. If there is error in the action of the court of common pleas, it is difficult to perceive how that error is cured by any act of a sheriff. Whether, of how far, the payment of the money by him, in pursuance of the order of the court, will exonerate him from any further liability, it is not necessary now to decide. A party to a suit, against whom an error has been committed in the rendition of a judgment, may release that error, and *411 such release may be pleaded in bar to the protection of a writ of error by him to reverse the judgment. The error still remains, but by his release he has precluded himself from- taking advantage’ of it. This ground of defense cannot avail the defendants.
There is some apparent discrepancy between the second and fourth sections of the “ act regulating judgments and executions,” but none in reality, when they are rightly understood, and the proper force' given to each. They are relative to one and the same matter, the fourth operating as a qualification to the second. It is, in its operation, in the nature of a proviso to the second section, and being so treated, many of the difficulties suggested by defendant’s counsel in this ease will be removed.
The third section is very inopportunely introduced between the second and fourth. It had much better have preceded the second or followed the fourth. The manner adopted in the collocation of the sections, however, ought not and cannot make any difference in the construction which they must receive.
Considering the fourth section as in the nature of a proviso to the second, and the whole ought to be read as follows:
“ The lands and tenements of the debtor shall be bound for' the satisfaction of any judgment against such debtor, from the first day of the term at which judgment shall be rendered, in all cases where such land lies within the county where the judgment is entered; and all other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution: Provided, when two or more writs of execution against the same debtor shall be sued out during the term in which judgment was rendered, or within ten days thereafter, and when two or more writs of execution against the same debtor shall be delivered to the officer on the same day, no preference shall be given to either of said writs ; but if a sufficient sum of money is not ma,de to satisfy all the executions, the amount made shall be distributed to the several creditors, in proportion to the *412 amount of their respective demands. In all other cases, the writ of execution first delivered to the officer shall be first satisfied; and it shall be the duty of the officer to indorse on every writ of execution the time when he received the same: Provided, nothing herein contained shall be so construed as to affect any preferable lien, which one or more of the judgments, on which such execution issued, may have on the lands of the judgment debtor.”
The section, so construed, provides that judgments shall operate as a lien upon the lands of the debtor within the county where the judgment is rendered, from the first day of the term in which such judgment is rendered. Subsequent enactments have so changed this provision, that judgments by confession shall operate as liens, from the day of their rendition. It is next provided, “ that all other lands, as well as goods and chattels, shall be bound from the time they are seized in execution.” The other lands here referred to are, undoubtedly, lands in other counties than the one where the judgment is entered; and such lands, as to the binding force of the judgment, are placed upon precisely the same footing with- goods and chattels. The substance of the section thus far, is, that lands .within the county are bound by the judgment from the first day of the term; lands in other counties, as well as goods- and chattels, are bound from the time of the levy of execution.
Having made this general provision, the proviso, or rather the fourth section, is introduced to limit or restrain the general language before used. This provides, in the first part of it, “ that if two or more writs of execution against the same debtor shall be sued out during the term in which judgment was rendered, or within ten days thereafter, no preference shall be given to either of such writs;” but the money made upon the same, if not sufficient to, satisfy all the executions, “ shall be distributed to the several creditors, in proportion to their several demands.” The object of the general assembly, in making this provision, undoubtedly was, to give the several judgment creditors ample time, after *413 the rendition of their judgment, to sue out executions and place them in the hands of the sheriff or other proper officer, and to prevent any advantage that might, by hasty action, be gained by one creditor over another.
Now, it will be seen that these provisions are general, and refer not to the character of the property which is to be subject to those executions. It may be land in the county, it may be goods and chattels, it may be lands out of the county. No matter what the property is, or where it is, if there is not sufficient to satisfy all the executions, it must be distributed to the creditors in proportion to the amount of their respective judgments. But it might so happen, that the property levied upon would be land' in the county where the judgments were rendered,'and upon which they would operate as liens; and some of them, in this respect, have the preference over others, although the executions were issued within the term, or within ten days thereafter, or delivered to the officer on the same day. Ample provision, however, is made to secure the interest of lien-holders in such case. A proviso is attached to the section in these words —" Provided, that nothing herein contained shall be so construed as to affect any preferable lien, which one or Inore of the judgments on which such executions issued may have on the lands of the judgment debtor.”
In all cases, where the executions are not issued within ten days after the term, or delivered to the officer on the same day, the section under consideration prescribes, “ that the writ of execution, first delivered to the officer, shall be first satisfied.” This, however, is also limited by the proviso before referred to, saving the rights of preferable lienholders.
In Patton v. The Sheriff of Pickaway County, (2 Ohio Rep. 395,) this court, in giving a construction of this fourth section of the judgment and execution law, say, “ they,” that is, the general assembly, “ intended to provide for cases where there were two or more judgment creditors, having equal rights, and where there is no priority of lien, as when the judgments are rendered in the same term; for cases where *414 the judgment does not operate as a lien, but the property is bound only from the time when seized in execution, as goods and chattels, or lands not situate in the county where the judgment is recovered; for cases where the creditor, in consequence of not having " an execution levied within one year from the date of his judgment, has lost the benefit of his lien so far, that it shall not operate to the prejudice of any other bona fide judgment creditor.”
Now, in the case before us, the several judgments were entered at the same term of the court, in Fairfield county, and executions were sued out and delivered to the officer within the same term. That officer was the sheriff of Ross county, the judgment having been entered in Fairfield. If there had been lands of the judgment debtor in Fairfield, those lands would have been bound from the date of the respective judgments. This rule, however, would not apply to lands subsequently acquired by the debtor; such lands would only be bound from the time of execution levied. But the lands levied upon, in the case under consideration, were in Ross county, and were not bound until the levy of the executions. True, the execution on May’s judgment was first levied, but this gave his judgment no preference over those of Fullerton, and of Wilcox and Reed; at least it gave his judgment no preference, unless we disregard both the letter and the spirit of the statute.
It is claimed that by this levy the judgment of May gained the preferable lien. But not so. The three judgments having been rendered at the same term, and the executions having been issued within the same term, the judgments are upon an equal footing, and if the money made is not sufficient to satisfy all, it must be distributed to the creditors in proportion to the amount of their respective judgments.
It is admitted by defendant’s counsel, that this rule must have prevailed, had the levy been upon goods and chattels within the county of Fairfield; but as the levy was upon land in another county, they insist that a different rule should prevail. The statute makes no difference in this respect, *415 and it is impossible for me to see how this court can do it. Cases may possibly arise where it -would be difficult to carryout this rule, but this is not one of that character. In order to give it effect, the judgments must be in the same court, and the executions issued to the same officer. Where this is the case, I do not preceive there can be any difficulty.
In the opinion of the court, the money made in the case under consideration should have been distributed to the creditors in proportion to the amount of their respective judgment, and in ordering otherwise, the. court of common pleas erred, and the order of that court is, therefore, reversed, with costs.