government require that it be not the law, and it is not the law.

A public officer is the agent of the public and he is governed, as to expenses made, with the good faith I have so often defined in this opinion, by the same rule that would be applicable to like acts of a private agent or of a guardian or an administrator, and is entitled to reimbursement therefor.

The judgment of the common pleas is therefore reversed, and giving the judgment which the court of common pleas ought to have given, the court here enters judgment for the plaintiff for the amount claimed, $486.65 and costs, and the case is remanded to the common pleas for execution.·

*John W. Loree,* for plaintiff in error.

*C. E. Marsh,* for defendant in error.

---

### PRIORITY AS BETWEEN JUDGMENT LIENS.

[Circuit Court of Cuyahoga County.]

ALPHONSE J. CHARBONNEAU v. JACOB ROBERTS ET AL.

Decided, February 23, 1903.

*Judgment Liens—Priority as Between—Priority Lost by Failure to Issue Execution Within One Year.*

The priority of the lien of a senior judgment is lost as against the lien of a subsequent judgment by failure to issue and levy execution within one year from the date of the rendition of the senior judgment.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to court of common pleas.

July 2, 1901, Alphonse J. Charbonneau took judgment by confession against one Joseph Roberts in the Common Pleas Court òf Cuyahoga County, Ohio. The judgment debtor owned lands in said county, but no execution and levy were ever issued on this judgment.

December 2, 1901, Emily Roberts recovered judgment against said Joseph Roberts by the consideration of the common

pleas court of Lorain county. Execution thereon was issued to the sheriff of Cuyahoga county, Ohio, and by him levied on the lands of the judgment debtor in controversy on July 14, 1902. August 15, 1902, being more than one year after the rendition of the judgment in favor of Charbonneau, Emily Roberts brought suit in the Common Pleas Court of Cuyahoga County to subject said lands to the payment of her judgment, making Charbonneau party defendant to said suit.

Section 5375, Revised Statutes, provides that a judgment by confession shall be a lien upon the lands of the judgment debtor within the county where the judgement is entered, from the day of its rendition, and that all other lands shall be bound from the time they are seized in execution.

From this it appears that the judgment of Charbonneau became a lien on these lands on July 2, 1901, and the judgment of Emily Roberts became a lien on July 14, 1902, but it is claimed that Charbonneau lost the priority of his lien because no execution was issued and levied on his judgment within one year of its rendition.

Section 5415, Revised Statutes, provides that "No judgment on which execution is not *issued and levied* before the expiration of one year next after its rendition, shall operate as a lien on the estate of a debtor to the prejudice of any other *bona fide* judgment creditor," and this has been the law of the state substantially in its present form since February 1, 1822. 2 Chase, 1234.

The statutory provision by which a judgment creditor is required to issue execution on his judgment and have the same levied upon lands of the judgment debtor within a specified time in order to preserve the priority of the lien of his judgment over that of other judgments was frequently before the courts in the early days of legislation on this subject; but of recent years there have been few decisions involving the application of this law. Although hardships have been pointed out as resulting from the operation of this statute and there are manifest inconsistencies in it, when we consider that it affects the priorities of judgment liens as between themselves, but not as

regards mortgage liens and other liens, yet the courts have uniformly held that these considerations should more properly be addressed to the Legislature. *McCormick* v. *Alexander,* 2 Ohio, 65; *Patton* v. *Pickaway Co. (Sheriff),* 2 Ohio, 395; *Earnfit* v. *Winans,* 3 Ohio, 135; *Shuee* v. *Ferguson,* 3 Ohio, 136; *Waymire* v. *Staley,* 3 Ohio, 366; *Sellers* v. *Corwin,* 5 Ohio, 398; *Thompson* v. *Atherton,* 6 Ohio, 30; *Corwin* v. *Benham,* 2 Ohio St., 36, 37; *Bish* v. *Burns,* 7 C. C., 285.

An examination of the above authorities shows that the decisions made shortly after the passage of the act referred to were fully and carefully reviewed by Judge Ranney thirty years afterward and affirmed and have been acquiesced in ever since.

There is no question that, as between the judgment liens of Charbonneau and Roberts, the former lost his priority by failing to issue execution and levy within a year.

Judgment affirmed.

*W. C. Ong,* for plaintiff in error.

*Brewer, Cook & McGowan, Riley & McQuigg* and *Frank Coleman,* for defendants in error.