**CHAPPELL v McFARLING et**

Ohio Common Pleas, Belmont Co

No 2366.  Decided Aug 10, 1937

W. O. Chappell, Barnesville, and Thornburg & Lewis, St. Clairsville, for plaintiff.
T. J. Kremer, Woodsfield, for defendants.

**OPINION**

By BELT, J.

On June 14, 1934, plaintiff filed a petition in this court against the defendants alleging that on the 21st day of September, 1931, he recovered a judgment against the defendants, Henley McFarling, George McFarling and James McFarling, in the sum of $752.30, which is wholly unsatisfied and a valid lien on the real estate described therein; that the defendants, The First National Bank of Bethesda, The Belmont National Bank and Lydia McFarling, claim to have some interest or lien in and to said real estate; praying that the court adjust the priority of plaintiff's lien, for the sale of said real estate and distribution of the proceeds among the claimants entitled thereto.

The issue presented is solely between the plaintiff and the defendant, First National Bank of Bethesda.

To the petition thus filed, Thomas Dornon as receiver of said bank filed an answer and cross petition setting up certain judgments rendered in this court on July 16, 1931, against the said defendants, Henley McFarling, George McFarling and James McFarling, in the respective sums of $218.40, $1820.84 and $70.81.

Prior to the filing of the petition herein no execution had been issued or levied on the real estate described in the petition by any of said judgment creditors. Subsequent, however, to the filing of said petition and on September 9, 1936, plaintiff had execution issued and a levy made on the property described in the petition.

The question presented is: What are the respective priorities of the various judgments of plaintiff and the defendant, Thomas Dornon as receiver?

The matter of judgment liens and priorities thereof is wholly a statutory subject. §11656, GC, provides that the lands and tenements within the county where the judgment is entered shall be bound for its satisfaction from the day on which such judgment is rendered, and §11663, GC, provides that if execution on a judgment rendered in a court of record in this state be not sued out within five years from the date of the judgment such judgment shall be dormant and cease to operate as a lien on the estate of the judgment debtor; that is to say, all judgments are a lien on the real estate in the county in which such judgment is rendered for a period of five years without execution being issues thereon.

Sec 11708, GC, provides as follows:

"No judgment on which execution is not issued and levied before the expiration of one year next after its rendition shall operate as a lien on the estate of a debtor to the prejudice of any other bona fide judgment creditor."

By virtue of the provisions of the above section, if no execution is levied within the year following the rendition of the judgment, such judgment ceases to have priority over other judgments subsequently rendered and they all stand on an equal basis as to priority.

The question of priority of judgment liens has been before the court of last resort in the early history of this state a great many times and consequently the law in reference thereto is well settled.

The rules for determining priority are:

1. A judgment prior in time not levied within the year after its date loses its priority as against a junior judgment levied within the year.

2. If there be several judgments and no levy on any of them within the year they stand on an equal footing, and he who afterwards first levies gains a priority.

(McCormick v Alexander, 2 Ohio 65;
Waymire v Staley, 3 Ohio 366;
Thompson v Atherton, 6 Ohio 30;
Shuee v Ferguson, 3 Ohio 136;
Sellers v Corwin, 5 Ohio 398;
Bank v Bank, 10 Ohio 71).

It seems clear from the above mentioned authorities that at the time of filing the petition herein and at all times prior thereto after the expiration of one year from the date of the rendition of the several judgments, they were all of equal priority. The question then presented is: did the filing of the petition to marshal liens and for the sale of the real estate described therein change the priorities and give the plaintiff a prior lien?

It is well settled in Ohio that the filing of such a proceeding, either by petition or cross petition in a proper action, makes it unnecessary to issue execution and have a levy made on the real estate.

"Why should the law require him to do

this, a useless and vain thing? He could not sell a good title on such levy in that case and he could in this proceeding, where plaintiff demanded he should come. The law is that Woodward's cross petition in this case joining other lien holders in the sale of a title free of all their liens is the equivalent of an execution and levy upon his original judgment."

(Sullivan v Hart, 2 Ohio Decisions 591).

While it is decided in the case of Shuee v Ferguson and Sellers v Corwin, supra, that after the year the creditor who first takes out execution and causes a levy to be made has the preference, that situation has no reference, we believe, to a proceeding of this kind. This proceeding, being in equity, has the effect only of maintaining the status quo of the lien of a judgment during the pendency of the proceeding and does not create a priority. (Dempsey v Bush, 18 Oh St 376).

There does not appear to be any decided cases in Ohio precisely on this point We believe, however, that the language of §11708, GC, is decisive of this question and that the filing of the petition to marshall liens did not have the effect of creating a priority in favor of plaintiff for the reason that such proceeding is in equity and for the purpose of marshalling the liens and selling the real estate. If before this proceeding had been started plaintiff had caused execution to be issued and a levy made upon the real estate in question, he would have obtained a priority, but he did not do so. The status of the various judgments were fixed at the time of the commencement of this proceeding and neither the filing of the petition or of the cross petitions changed that status.

The syllabus in the case of Sullivan v Hart above referred to, as found in 32 Weekly Law Bulletin 185, strengthens the conclusion here reached, which syllabus is as follows:

"Asserting a judgment lien when in full force and effect by filing a cross petition in a suit to marshall liens on the real estate of the debtor is **equivalent in the matter of preserving its priority** to the issuing of execution and levying on said real estate in the original action." (Emphasis ours).

It has been urged that the issuing and levying of execution by plaintiff after the filing of the petition had the effect of establishing plaintiff's priority. We do not believe that such action had any effect

whatever and is a nullity insofar as the question here presented is concerned because plaintiff had elected his remedy in the equitable action to marshall liens.

It is, therefore, decreed that the liens of plaintiff's and defendant's several judgments are of equal priority and should be satisfied pro rata from the funds remaining for distribution realized from the sale of the real estate described in the petition.