### SURFACE COMBUSTION CORPORATION, Appellant, v. GLANDER, Tax Commr., Appellee.

Board of Tax Appeals, Department of Taxation

No. 11243.   Decided August 15, 1946.

Bugbee and Johnston, Toledo, for appellant.

Hugh S. Jenkins, Attorney General of Ohio, and Aubrey A. Wendt, Assistant·Attorney General, for appellee.

## ENTRY

This cause came on for hearing upon the appeal by Surface Combustion Corporation from the final order of the tax commissioner which he issued with respect to the application of the appellant for a review and redetermination of a personal property tax assessment made against it by the tax commissioner for the year 1945. This cause was heard and submitted on the transcript of the proceedings before the tax commissioner, the evidence and briefs of counsel.

The evidence shows that throughout the year 1944 and until March 31, 1945, a partnership known as Surface Combustion was engaged in the business of manufacturing heating and air conditioning appliances. Its principal · office was located in Toledo and it had personal property used in business in Lucas, Cuyahoga and Franklin Counties. Prior to March 31, 1945, said partnership filed personal property tax returns in each county setting forth the amount of the personal property situated in the taxing districts of said counties and paid in full the tax in accordance with said returns. Said returns included the value of all the personal property of said partnership including the average value of the. inventory as provided by §5388 GC.

There is no claim that said partnership did not list in its returns all its taxable personal property and pay in full the tax thereon.

On March 16, 1945, appellant was incorporated to take over the business of said partnership and on March 31, 1945, all the business and assets of the partnership were conveyed and transferred to the appellant. Thereafter, appellant produced copies of the returns of said partnership and submit-

ted its inter-county return for the year 1945 and the following affidavit:

"State of Ohio
    S.S.
County of Lucas

A. J. Buckenmyer, being duly sworn, deposes and says that he is Assistant Treasurer of Surface Combustion Corporation and that he was an Authorized Agent of Surface Combustion, a business owned by W. Alton Jones, Grace Hardin Doherty and Charles A. Frueauff.

That Surface Combustion Corporation purchased the business of Surface Combustion on March 31, 1945 and began operating it on April 1, 1945.

That prior to March 31, 1945, Surface Combustion filed 1945 Ohio Personal Property Tax Returns in Lucas, Franklin and Cuyahoga counties under the names of the co-tenants listing its taxable property as shown on the photostat copies attached and that it paid the entire tax assessable as shown by these returns.

That Surface Combustion Corporation purchased and is using substantially the same property as listed by Surface Combustion in its Ohio 1945 Personal Property Tax returns.

This statement is made for the purpose of enabling the Ohio Department of Taxation to waive assessment of Ohio Personal Property Tax on the property listed in this Inter-county Return because the 1945 Ohio Personal Property tax has already been paid on it.

Signed             A. J. Buckenmyer.

              A. J. Buckenmyer.

Sworn to before me a Notary Public and signed in my presence, this 12th day of July, 1945.

       Notary Public **John E. Noland**
         John E. Noland.
     Notary Public, Lucas County, Ohio.
     My Commission Expires Oct. 30, 1945."

Thereafter assessments were made against the appellant for the year 1945 on machinery and equipment, furniture and fixtures, and the average value of the inventories based upon the probable average amount of personal property intended to be used in business by appellant until January 1, 1946.

The tax commissioner found upon consideration of the application for review and redetermination that the assessments theretofore made with respect to machinery and equip-

ment and furniture and fixtures were in error but that the assessment with respect to the average inventory values was correct and issued his corrected assessment certificate in accordance with his finding. The only question here involved relates to the assessment on average inventory values.

Sec. 5385 GC provides that a manufacturer in his return

" * * * shall include therein the average value estimated, as hereinafter provided, of all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in manufacturing, combining, rectifying or refining, and of all articles which were at any time by him manufactured or changed in any way, either by combination or rectifying, or refining or adding thereto (separately listing finished products not kept or stored at the place of manufacture or at a warehouse in the same county therewith), which, from time to time, he has had on hand during the year next previous to listing day annually, if he has been engaged in such manufacturing business so long, and if not, then during the time he has been so engaged."

Sec. 5386 GC reads in part as follows:

"Such average value shall be ascertained by taking the value of all property subect to be listed on the average basis, owned by such manufacturer, on the last business day of each month the manufacturer was engaged in business during the year, adding such monthly values together and dividing the result by the number of months the manufacturer was engaged in such business during the year. Such result shall be the average value to be listed."

Sec. 5368 GC provides as follows:

"Excepting as otherwise provided in this chapter all taxable property shall be listed with respect to ownership or control, valuation and taxing districts as of the beginning of the first day of January, annually, excepting that deposits not taxed at the source shall be listed as of the day fixed by the commission for the listing of deposits taxed at the source pursuant to §5411-1 GC. The transfer of any taxable property subsequently thereto shall not authorize any taxpayer to omit the same from his return nor the assessor to fail to assess the same in the manner hereinbefore required, although such return or assessment be not made until after such transfer.

But when a person becomes a taxpayer between the first day of January and the first day of July, in any year, he shall list all his taxable property with respect to ownership and taxing districts as of the date when he becomes such taxpayer, and with respect to valuation as of the next preceding first day of January, unless he shows to the assessor, under oath, and by producing a copy of the return or assessment, that the same property has been listed or assessed for taxation in that year in this or another state or country, or that such property has been received by him in exchange for property as assessed; but a person engaging in business between the first day of January and the first day of July in any year shall in any event list the probable average amount of personal property by him intended to be used in business until the first day of January, next thereafter."

It appears that the partnership listed the inventory of its business for the year 1945 and paid the tax thereon as it was obliged to do. It further appears that appellant, when it took over said business, furnished to the tax commissioner an affidavit and a copy of its predecessor's returns showing the same property had been listed for taxation in 1945 in compliance with §5368 GC. It is claimed however that by virtue of the last clause of this section, appellant was also liable for taxes on the average value of the inventory for the year 1945. This paragraph seems to conflict with the former part of the statute.

A statute should not be given an unreasonable construction and one which cannot be presumed to have entered the mind of the legislature. A construction should be adopted, if possible, to avoid unreasonable consequences or injustice. **Moore v Given, 39 Oh St 661; Railway Co v Jump, 50 Oh St 651, 35 N. E. 1054;** Conner v. Davies, 14 C. C. N. S. 475, 28 C. D. 492.

A statute should also be construed to harmonize different parts thereof so that all provisions may be given effect. As stated in **Lessees of v Parish, 3 Ohio 187.**

"A statute should be so construed, that the several parts will not only accord with the general intent of the legislature, but also harmonize with each other; and a construction of a particular clause, that will destroy or render useless any other provisions of the same statute, can not be correct."

The following is stated in **Patton v Sheriff of Pickaway County, 2 Ohio 395:**

"In order to give a proper construction to this section, we must, as in every other case, look through the whole statute, and, if possible, so construe it, that the whole may have effect, and that one part shall not defeat another."

The following was held in **Cincinnati Street Railway Co. v Whitehead, 39 Oh Ap 51, 176 N. E. 583, 34 O. L. R. 242** (motion to certify overruled):

"Language of two apparently conflicting statutory sections will be construed, if possible, to give effect to both sections."

See also **State v Caldwell and Taylor, 4 Abs 794.**

Under our law a person lists all his taxable personal property each year as of the beginning of the first of January in that year. This includes the average value of his inventory for that year. The legislature apparently felt that the proper method for determining what this value would be is to take the monthly average of the value of the inventory for the months taxpayer was in business during the preceding year. The tax however is still a tax on the inventory for the year in which he makes his return. The legislature evidently had in mind that businesses may be transferred during the year and has provided that the transferrer is liable for the tax on all the taxable property so transferred and to avoid taxing the same property two or more times has provided in substance that the transferee, who continues the same business, need not list such property received by him if he shows that the tax on that property had already been listed or assessed.

In this case the partnership listed all its taxable personal property for the year 1945, including the average inventory for that year, although that value was determined by taking the average value thereof during 1944. The assessment complained of seeks to tax a second time the same inventory, that is the inventory for the year 1945, which the legislature apparently did not intend to do. The Board can find no logical reason why the legislature would intend to relieve property other than inventory from being taxed two or more times and to tax the same inventory more than once in the

same year. There could easily be more than one such transfer of the same property between January 1 and July 1 of the same year and to tax such property on each transfer would charge it with an increasing burden. This the Board feels the legislature did not intend to do.

Apparently the legislature also recognized the fact that a person may start or engage in business between January 1 and July 1 of the same year and felt that his property should be taxed for that year and since there would be no previous history by which to determine the average monthly value of inventory, provided that the probable average amount of personal property intended to be used by him in business in the balance of the year should be taken, which, of course, is only an estimate. The Board is of the view that the legislature did not intend, by the enactment of §5368 GC to change the policy heretofore existing in this state not to require a listing of property for taxation acquired after the date as of which it is to be listed when the same property has already been listed by the former owner. See former §§5387 and 5387-1 GC; 110 O. L. 382. And, therefore, the Board finds that the last paragraph of §5368 GC does not apply to the situation here presented, where the tax on the inventory for 1945, the subject of this assessment, had already been paid by the partnership.

Bearing in mind that statutes relating to taxation, if doubtful in meaning, should be construed favorably to the taxpayer and also to avoid the same property being taxed twice, the Board finds that the appellant cannot lawfully be assessed for the property in question.

It is, therefore, considered and adjudged by the Board of Tax Appeals that the action of the tax commissioner herein complained of be, and the same hereby is, reversed.

BY THE BOARD OF TAX APPEALS.