IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PANAGIOTA M. COSTARAS, *Plaintiff/Appellant*,

*v.*

BASILIOS C. COSTARAS, *Defendant/Appellee*.

No. 1 CA-CV 23-0286
FILED 3-7-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2021-002643
The Honorable Mary Collins Cronin, Judge *Pro Tempore*

**VACATED AND REMANDED**

---

COUNSEL

Windtberg Law, PLC, Phoenix
By Marc Windtberg
*Counsel for Plaintiff/Appellant*

Denton Peterson Dunn, PLLC, Mesa
By Samuel Dampt, Brad A. Denton
*Counsel for Defendant/Appellee*

---

**OPINION**

Judge D. Steven Williams delivered the Court's opinion, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

¶1         The issue before us is to what extent the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. 4, § 1, and A.R.S. § 12-544(3) obligate Arizona courts to enforce a domesticated revived judgment issued by a court in another state. We hold that if the laws of the state of rendition treat a revived judgment as a new judgment, Arizona's foreign judgment limitation statute begins to run anew with the revived judgment. Here, because Ohio law treats a revived judgment as a new judgment, A.R.S. § 12-544(3) began to run anew with the issuance of the revived judgment by the Ohio court. Accordingly, we vacate the superior court's order vacating the domestication of the Ohio revived judgment and quashing the associated writ of garnishment, and remand for proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL HISTORY

¶2         Panagiota Vasko (formerly Panagiota Costaras) and Basilios Costaras divorced in 1999. In March 2016, Vasko obtained a judgment from an Ohio court ("the Original Judgment") ordering Costaras to pay her for obligations he owed but had not paid: (1) $53,899.60 for spousal support arrearages, (2) $111,760.34 for monies she paid to satisfy his separate legal obligation, (3) $490.44 for unpaid court costs in the divorce, and (4) $8,317.46 for attorney's fees and costs.

¶3         After Costaras moved to Arizona, Vasko domesticated the Original Judgment here under the Uniform Enforcement of Foreign Judgments Act ("UEFJA") in February 2021. Vasko then applied for and obtained a writ of garnishment against Costaras. *See* A.R.S. §§ 12-1701 to -1708 (adopting the UEFJA); A.R.S. § 12-1702 ("A copy of any foreign judgment authenticated in accordance with . . . the statutes of this state may be filed in the office of the clerk of any superior court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the superior court of this state."). Costaras objected and moved to vacate the domestication of the Original Judgment, asserting the statute of limitations

2

governing foreign judgments precluded enforcement of the "non-support portions of the [Original] Judgment." *See* A.R.S. § 12-544(3) (generally barring the enforcement of a foreign "judgment or decree" more than "four years after the cause of action accrue[d]" but exempting a foreign "judgment for support . . . [and] associated costs and attorney fees" from the statutory deadline); *see also* A.R.S. § 12-1598.07(A) (authorizing a garnishee to file a written objection).

¶4        The superior court denied Costaras' motion, reasoning that "dissect[ing]" the spousal support arrearage and non-support provisions of the Original Judgment "would undermine the principle of full faith and credit and the applicability of the UEFJA." Considering the Original Judgment as a whole, the court found it "properly domesticated" and "enforceable."

¶5        Costaras appealed. On review, this court held the Original Judgment's "award of $53,899.60 for 'spousal support arrearages' represented a 'judgment for support' . . . not subject to the general four-year statute of limitations on foreign judgments." *Costaras v. Costaras*, 253 Ariz. 221, 223, ¶ 10 (App. 2022). Concerning the Original Judgment's other award provisions, however, we vacated and remanded "for the court to determine whether [Vasko] domesticated the foreign judgment's non-support awards within the four-year statute of limitations." *Id.* at ¶ 11.

¶6        On remand, Costaras moved to quash the writ of garnishment and petitioned the superior court to order disgorgement for all garnished monies exceeding the Original Judgment's award for spousal support arrearages ($53,899.60). Meanwhile, Vasko petitioned the Ohio court to revive the Original Judgment, which had since become dormant under Ohio law. *See* Ohio Rev. Code Ann. § 2329.07(B)(1) (providing that a judgment falls dormant after five years without execution). In October 2022, the Ohio court entered a second judgment ("the Revived Judgment"), which granted Vasko's motion to revive but rejected her proposed "partial satisfaction of judgment" because it improperly "calculate[d] interest during the period of dormancy." *See* Ohio Rev. Code Ann. § 2325.18 (authorizing the revival of a judgment "within ten years from the time it became dormant" but providing that "[f]or the purpose of calculating interest due on a revived judgment," no interest accrues during dormancy).

¶7        Less than three months later, Vasko domesticated the Revived Judgment in the same Maricopa County Superior Court case and obtained a writ of garnishment. Costaras then moved to (1) vacate the domestication of the Revived Judgment and (2) quash the writ of garnishment, arguing

the Revived Judgment was not a separate foreign judgment resetting the time from which the limitation period began to run, and therefore A.R.S. § 12-544(3) barred its enforcement.

¶8 Finding the "revival of a previously dormant judgment [is] not a new judgment," the superior court implicitly concluded that Arizona's statute of limitations began to run on the entry date of the Original Judgment rather than the entry date of the Revived Judgment, thus foreclosing enforcement of the Revived Judgment in Arizona. The court then vacated the domestication of the Revived Judgment and quashed the associated writ of garnishment.

¶9 Vasko timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21 and -2101(A)(1).

## DISCUSSION

¶10 Vasko challenges the superior court's implicit determination that A.R.S. § 12-544(3) bars enforcement of a revived foreign judgment domesticated in Arizona more than four years after entry of the original judgment. Noting that A.R.S. § 12-544(3) does not "distinguish between 'new' judgments and 'revived' judgments," Vasko argues the four-year period for timely enforcement of a foreign judgment begins when a revived judgment is entered—supplanting the entry date of the original judgment for calculation purposes—whether the rendering state deems the revived judgment a new judgment or merely a continuation of the original judgment. Specific to this case, Vasko further contends that Ohio "treats revived judgments as new judgments," and because "[t]he statute of limitations runs from the entry of any 'judgment or decree' issued in another state" and the Full Faith and Credit Clause of the United States Constitution "mandates that Arizona give the Revived [] Judgment the same validity and effect that it would have in Ohio," no legal basis exists for finding the Revived Judgment unenforceable on statute of limitations grounds.[1]

---

[1] Asserting waiver, Costaras contends that Vasko failed to raise in the superior court both her constitutional argument and her contention that a revived judgment "is, itself, an enforceable foreign judgment"—even if not deemed a "new judgment" in the rendering state. Although Vasko has more fully developed her arguments and included additional citations to

**¶11**　　　　　The interpretation of a limitations statute presents a legal question that we review *de novo*. *Webster Bank NA v. Mutka*, 250 Ariz. 498, 499, ¶ 6 (App. 2021). "Absent ambiguity or absurdity, our inquiry begins and ends with the plain meaning of the legislature's chosen words, read within the overall statutory context." *Welch v. Cochise Cnty. Bd. of Supervisors*, 251 Ariz. 519, 523, ¶ 11 (2021) (internal quotation omitted). When statutes relate to the "same subject or general purpose," we read them together. *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017).

**¶12**　　　　　Section 12-544 provides in relevant part:

> There shall be commenced and prosecuted within four years after the cause of action accrues, and not afterward, the following actions:
>
> . . .
>
> 3. Upon a judgment or decree of a court rendered without the state, or upon an instrument in writing executed without the state. This paragraph does not apply to a judgment for support . . . and to associated costs and attorney fees.

**¶13**　　　　　Thus, A.R.S. § 12-544 bars the enforcement of a foreign judgment—other than awards for support and related attorney's fees and costs—more than four years after the cause of action's accrual date. The UEFJA defines a foreign judgment as "*any* judgment, decree, or order . . . of any other court which is entitled to full faith and credit in this state." A.R.S. § 12-1701 (emphasis added). Read together, A.R.S. § 12-544 and the UEFJA recognize as timely the domestication of *any* foreign judgment within four years of the cause of action's accrual date insofar as the judgment is entitled to full faith and credit in Arizona.

**¶14**　　　　　Applying these statutes here, A.R.S. § 12-544(3) bars the enforcement of the Original Judgment, other than the support provision, because Vasko domesticated the Original Judgment in February 2021, nearly five years after its March 2016 entry. While several jurisdictions "have held that [a] forum state's statute of limitations applicable to an *action* on a foreign judgment is not applicable to the *registration* of a foreign

---

authority on appeal, the record reflects she adequately preserved these contentions by arguing in the superior court that (1) the Original Judgment is no longer enforceable, (2) she must instead execute upon the Revived Judgment, and (3) the United States Constitution requires Arizona to give revived judgments full faith and credit.

judgment under a uniform enforcement of foreign judgment act," *Potomac Leasing Co. v. Dasco Technology Corp.*, 10 P.3d 972, 974, ¶ 8 (Utah 2000) (emphasis added; collecting cases), Arizona has consistently applied its own statute of limitations when assessing the timeliness of a foreign judgment's domestication under the UEFJA, concluding "that such application does not violate the Full Faith and Credit Clause of the United States Constitution," *Eschenhagen v. Zika*, 144 Ariz. 213, 216 (App. 1985) (recognizing "that courts which have been presented with the question of whether the [UEFJA] requires the forum state to recognize any judgment properly filed under the Act at a time the judgment was valid in the rendering state have reached differing conclusions"); *see also Citibank (S.D.), N.A. v. Phifer*, 181 Ariz. 5, 6 (App. 1994) ("Although filing a judgment under the [UEFJA] domesticates it for purposes of enforcement, it still remains a foreign judgment subject to the time limitations imposed by A.R.S. § 12-544(3).").

¶15 Here, Vasko does not dispute the untimeliness of the Original Judgment's domestication with respect to the non-support provisions. Instead, she asserts that the continuing garnishment proceeding is predicated not on the Original Judgment but on the Revived Judgment —which independently qualifies as a judgment entitled to full faith and credit in Arizona—thus requiring a separate timeliness determination. To support this contention, Vasko points to Ohio law requiring "a judgment creditor . . . to execute upon [a] revived judgment" because a dormant judgment "is [] without legal effect." *Auto Now Acceptance Co., LLC v. Brickey*, 154 N.E.3d 1033, 1035, ¶¶ 9–10 (Ohio Ct. App. 2020).

¶16 We review *de novo* whether a foreign judgment is entitled to full faith and credit. *McDaniel v. Banes*, 249 Ariz. 497, 500, ¶ 10 (App. 2020). "The Full Faith and Credit Clause of the United States Constitution requires that a judgment validly rendered in one state's court be accorded the same validity and effect in every other court in the country as it had in the state rendering it." *Id.* at ¶ 9 (internal quotation omitted); *see also* U.S. Const. art. 4, § 1; *see also Grynberg v. Shaffer*, 216 Ariz. 256, 257, ¶ 6 (App. 2007) ("[A] foreign judgment properly filed with the superior court of Arizona [under the UEFJA] will be treated in the same manner as a domestic judgment.") (citing A.R.S. § 12-1702).

¶17 "The UEFJA provides the enacting state with a speedy and economical method of doing that which is required by the Full Faith and Credit Clause of the United States Constitution." *Grynberg*, 216 Ariz. at 257, ¶ 6 (internal quotation omitted). When a judgment debtor challenges the enforceability of a foreign judgment domesticated under the UEFJA, he

bears the burden of proving it should not be accorded full faith and credit. *McDaniel*, 249 Ariz. at 500, ¶ 10.

**¶18**         For foreign judgments domesticated in Arizona, "the statute of limitations begins to run when the cause of action accrues, which is the date on which the foreign judgment is entitled to full faith and credit." *Grynberg*, 216 Ariz. at 257, ¶ 7. To determine when a judgment became enforceable for full faith and credit purposes—triggering the running of time under A.R.S. § 12-544(3)—we look to the laws of the rendering state. *Id.* at 258–59, ¶¶ 8, 14, 17 ("[A] foreign judgment becomes enforceable in Arizona when it has become enforceable in the rendering state[.]"); *see also Costaras*, 253 Ariz. at 222, ¶ 7.

**¶19**         While a forum state may lawfully refuse to enforce a foreign judgment if the judgment creditor domesticated the judgment (or commenced an enforcement action) after the expiration of the forum state's limitations period, *supra* ¶ 14, "[a] more complicated situation arises" when a judgment is revived in the rendering state and the creditor then seeks to enforce the revived judgment in the forum state before the forum state's limitations period has expired based on the date of revival. Restatement (Second) of Conflict of Laws ("Restatement") § 118, cmt. c (1971). No Arizona case squarely addresses such a circumstance, but the United States Supreme Court has directly considered this complexity.

**¶20**         In *Union National Bank of Wichita, Kansas v. Lamb*, 337 U.S. 38, 39 (1949), a judgment creditor brought an action in Missouri to enforce a revived judgment entered in Colorado. Because the Colorado court had entered the original judgment 18 years earlier, the judgment debtor raised a statute of limitations defense, arguing the revived judgment was "not a new judgment." *Id.* at 39, 42–43. To resolve the dispute, the Supreme Court looked to Colorado law, which held "that a revived judgment has the effect of a new one." *Id.* Reasoning a forum state may not "defeat [a] foreign judgment" merely because "the forum itself would not have recognized" a revivor, the Supreme Court held that the Colorado revived judgment was "entitled to full faith and credit in Missouri." *Id.* at 43–45.

**¶21**         Similarly, in *Watkins v. Conway*, 385 U.S. 188, 188–89 (1966), a judgment creditor appealed the dismissal of his action to enforce a Florida judgment in Georgia on statute of limitations grounds, essentially arguing "that Georgia ha[d] drawn an impermissible distinction between foreign and domestic judgments." Noting it "might [otherwise] agree that [Georgia's statute of limitations governing foreign judgments] violates the Federal Constitution," the Supreme Court found no violation of the Full

Faith and Credit Clause because Georgia's statutory scheme allowed a judgment creditor to "revive his judgment in the State where it was originally obtained" and then "file suit free of the [statutory] limitations." *Id.* at 189–90. Indeed, the Supreme Court concluded "there is no denial of equal protection in a scheme that relies upon the judgment State's view of the validity of [its] own judgments." *Id.* at 191 n.4 (stating it "would be . . . a different case" if the rendering state did not permit a "revival proceeding").

**¶22**        Guided by *Lamb* and *Watkins*, we adopt the analytic framework prescribed in Restatement § 118, cmt c. *See Cramer v. Starr*, 240 Ariz. 4, 10, ¶ 21 (2016) (explaining that absent contrary law, Arizona courts generally follow the Restatement); *see also Garza v. Gama*, 240 Ariz. 373, 378, ¶ 16 (App. 2016) ("Arizona courts generally look to the [Restatement] to determine which state's substantive law applies to a claim.").

> If the intervening time between the revival of the judgment and the commencement of the suit in the sister State exceeds that State's statutory period for the enforcement of judgments, the action will be dismissed. If, however, the intervening time between the revival and the commencement of suit does not exceed the sister State's statutory period, but this period is exceeded by the time that has elapsed since the rendition of the original judgment, the nature of the revival becomes material. *If under the local law of the State of rendition the effect of this revival is to create a new judgment, then suit on this judgment may not be held barred under full faith and credit in the sister State.* The contrary will be true, however, if the effect of the revival in the State of rendition is not to create a new judgment but rather to prolong the effective life of the original judgment.

Restatement § 118, cmt c. (emphasis added); *see also* 46 Am. Jur. 2d Judgments § 380 ("[I]t is well-established that where an action is brought in another state upon a judgment of a sister state which is a revival of an earlier judgment, and under the law of the state rendering the revival judgment is a new judgment and not merely an extension of the statutory period in which to enforce the original judgment, a judgment of revival, as a new judgment, is entitled to full faith and credit and may not be refused enforcement on the ground that under the law of the forum, the original judgment could not have been revived at the time it was revived by the judgment of the sister state.").

¶23 With this framework in mind, we turn to Ohio law to determine whether the Revived Judgment is subject to full faith and credit. *See McDaniel*, 249 Ariz. at 500–01, ¶¶ 12, 15. In *Thompson v. Slone*, 589 N.E.2d 118, 119 (Ohio Ct. App. 1991), the court addressed "whether the revival of a dormant judgment has the effect of reviving liens earlier attached as a result of the judgment or the revived judgment is in effect a new judgment" and held that "reviving a judgment once dormant has the effect of creating a new judgment for purposes of subsequent execution." Twenty years later, in *Columbus Check Cashiers v. Cary*, 962 N.E.2d 812, 816–17 (Ohio Ct. App. 2011), the court considered whether a court entering a revived judgment must "make a finding as to the amount still due and unsatisfied on the original judgment" and concluded that the state statutes governing reviver do not require the "court to supplant the original judgment on record with a new judgment." Although pertaining to different aspects of a revivor, to the extent *Columbus Check Cashiers* and *Thompson* are arguably in tension, the Ohio Court of Appeals recently clarified "that a revived judgment is not a continuation of a dormant judgment, but in essence a new judgment that a judgment creditor may seek to enforce." *Auto Now Acceptance Co., LLC*, 154 N.E.3d at 1035, ¶ 9. Applying these cases here, the Ohio court's proceeding resulting in the Revived Judgment effectively established a new judgment—both executable from its entry date and entitled to full faith and credit.

¶24 Having found that the Revived Judgment is a separately enforceable judgment entitled to full faith and credit, we turn to whether the four-year limitations period in A.R.S. § 12-544(3) bars its enforcement. *See McDaniel*, 249 Ariz. at 501, ¶ 15 ("[T]he Arizona statute of limitations on filing a foreign judgment is triggered when the foreign judgment becomes enforceable."). The Ohio court entered the Revived Judgment on October 21, 2022. Vasko domesticated the Revived Judgment in Arizona on January 9, 2023. While Arizona's four-year limitation period for enforcing the Original Judgment expired, the limitations period for enforcing the Revived Judgment began to run in October 2022 and has not yet expired. *See Shuee v. Ferguson*, 3 Ohio 136, 138 (1827) (construing Ohio statute governing priority of creditors and noting that a judgment is executable once rendered); *Geier v. Ace Lakefront Properties, Inc.*, 2007-L-068, 2007 WL 4564422, at *4, ¶ 24 (Ohio Ct. App. 2007) (noting that a revived judgment is executable from the date of revival). Therefore, Vasko timely domesticated the Revived Judgment, and it is enforceable against Costaras in Arizona.

¶25 In sum, we hold that the entry of a revived foreign judgment, if deemed a new judgment under the law of the rendering state, resets Arizona's limitations period for the enforcement of foreign judgments.

Because a revived judgment is a new judgment under Ohio law, entry of the Revived Judgment in this case reset the limitations period and Vasko's domestication of the Revived Judgment in Arizona, less than three months after its entry, was timely under A.R.S. § 12-544(3).

## CONCLUSION

**¶26** For the foregoing reasons, we vacate the superior court's order vacating the domestication of the Revived Judgment and quashing the associated writ of garnishment, and remand for proceedings consistent with this opinion. Vasko requests an award of attorney's fees incurred on appeal under A.R.S. § 25-324, which authorizes an award of attorney's fees "for the costs and expenses of maintaining any proceeding" under Title 25, Chapter 3. Because this matter does not arise under Title 25, Chapter 3 (governing the dissolution of marriage), A.R.S. § 25-324 does not authorize an award of attorney's fees and we deny Vasko's request. However, we award Vasko her taxable costs upon compliance with ARCAP 21.

