THOMPSON, Appellee,

v.

SLONE, Appellant, et al.

[Cite as *Thompson v. Slone* (1991), 68 Ohio App.3d 575.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–417.

Decided Aug. 22, 1991.

*Stephen J. Bowshier,* for appellee.

*Wilcox, Schlosser & Bendig Co., L.P.A.,* and *Jacob A. Schlosser,* for appellant.

TYACK, Judge.

The primary issue to be determined on appeal is whether the revival of a dormant judgment has the effect of reviving liens earlier attached as a result of the judgment or the revived judgment is in effect a new judgment for the purpose of affixing liens. We determine that reviving a judgment once dormant has the effect of creating a new judgment for purposes of subsequent execution.

The facts related to this action are fairly straightforward and were the subject of a stipulation in the trial court.

On December 6, 1973, Jeannette and Charles Thompson obtained judgments totalling $22,500 against Harold Slone and his brother. A certificate of judgment was filed and a lien thereby attached to an undivided one-half interest Harold held with his wife, Mary Ann Slone, in real estate located in Franklin County, Ohio.

On June 1, 1978, this judgment lien was maintained as a result of the refiling of a certificate of judgment.

On October 20, 1982, Harold Slone quit-claimed his individual one-half interest in the real estate to his former wife as required in his decree of divorce. At the time of the quit-claim deed, Mary Ann Slone was aware of the judgment lien attached to her husband's interest in the real estate.

On April 18, 1983, a certificate of judgment was again refiled, causing a lien to attach for a period of five more years. However, a third certificate of judgment was not filed within the next five-year period; so, in April 1988, the judgment became "dormant."

In December 1988 and also in November 1989, entries of revivor of judgment and certificates of judgment were filed.

During the time frame set forth above, Charles Thompson died and his wife inherited the rights attendant to his portion of the judgment. Jeannette S. Thompson filed a foreclosure action prior to the instant action but voluntarily dismissed it. When she refiled the foreclosure action, Mary Ann Slone filed a counterclaim asking that title be quieted as to the purported judgment lien.

The parties submitted the case to the trial court upon a stipulation of facts and briefs. Judgment was rendered for Jeannette Thompson with costs assessed to defendant Mary Ann Slone.

Appellant Mary Ann Slone has timely filed this appeal, assigning three errors for our consideration:

"Assignment of Error No. 1

"The court below erred since the facts establish that plaintiff's judgment and lien became dormant under R.C. 2329.07 and such facts do not establish that plaintiff's judgment and its lien were revived pursuant to R.C. 2325.15.

"Assignment of Error No. 2

"The court below erred in that, even if the judgment and lien of plaintiff have been revived, such revived lien did not attach to, and is not paramount over, the undivided one-half interest in that parcel of real estate acquired by defendant Mary Ann Slone from her ex-husband, defendant Harold Slone.

"Assignment of Error No. 3

"The court below erred in that no costs could be assessed against defendant Mary Ann Slone and costs of a previous suit by plaintiff should have been awarded against the plaintiff."

■ The first assignment of error asks us to determine whether or not the judgment was appropriately revived. The parties stipulated that entries purporting to revive the judgment were filed with the Clerk of the Court of Common Pleas of Franklin County, Ohio. Given the fact that the entries were appropriately journalized, the procedure utilized to obtain the entries is presumed to be in accordance with law. However, such presumption can be rebutted and the entries set aside upon appropriate motion and proof. See *Eshelman v. Van Nover* (1913), 89 Ohio St. 48, 105 N.E. 70.

Since nothing in the record shows that the journalized entries reviving the judgment have been set aside, the entries are still presumed valid. The first assignment of error is, therefore, overruled.

■ The second assignment of error is more difficult in its resolution. Does the revival of the dormant judgment have the effect of also reviving a judgment lien affixed as a result of that judgment? Or, does the revived judgment only allow for subsequent execution as if it were a new judgment?

A diligent search of case law going back over one hundred fifty years has not revealed a reported case exactly on point. The beginning of our case law search is *Norton v. Beaver* (1831), 5 Ohio 178, paragraph two of the syllabus, which provides:

"When a dormant judgment is revived, its lien against real estate is not so revived as to prejudice a purchaser from the judgment debtor, made before the judgment became dormant, but subsisting while it was so dormant."

In support of its syllabus, the Supreme Court of Ohio noted at 181:

" * * * In a country where land is one of the most familiar and ordinary subjects of trade, the policy of the law does not favor liens which impose embarrassments on their transfer. The purchaser who acquires title to land

at a time when no lien exists, or at a time when, by the creditor's delay, a once existing lien becomes dormant, appears to us to have an equity preferable to him who has indulged in delay. * * * "

Mary Ann Slone is not a purchaser in lay terminology, but she did receive the property under circumstances which do not make the real estate a gift either. Thus, although *Norton* does not give the final answer, it does provide some guidance.

The statutes which apply to dormant judgments and revivor of dormant judgments do not speak with crystalline clarity. The very words "dormant" and "revivor" imply that a judgment is sleeping and then awakened, not destroyed and recreated. But, R.C. 2325.15 reads:

"When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed."

Notable is the fact that R.C. 2325.15 speaks in terms of the *judgment* being revived, not the lien itself being revived. The time that the lien attaches based upon a dormant judgment which is revived is governed by R.C. 2325.17, which provides:

"If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action."

R.C. 2325.17 implies that the reviving of a judgment does not literally *revive* a lien but allows for the creation of a new one. The key phrase is " * * * and thereafter may be made to operate as a lien * * *[.]" The words connote the potential for a lien in the future, not the automatic recreation of a lien previously existing.

Applying this analysis to the factual situation confronting Jeannette S. Thompson and Mary Ann Slone, the failure of Jeannette S. Thompson to maintain the judgment lien has caused the lien to be extinguished. The judgment being revived enables pursuit of the original judgment debtors, but

it does not recreate the earlier judgment lien on property now owned solely by Mary Ann Slone.

The second assignment of error is sustained.

The third assignment of error is overruled. The trial court did not abuse its discretion by assessing costs in favor of the then-prevailing party. Nor did the trial court abuse its discretion by failing to assess the costs of a separate action against either party.

The second assignment of error having been sustained, the judgment of the trial court is hereby reversed and the cause is remanded with instructions to enter judgment quieting title as sought by appellant, Mary Ann Slone.

*Judgment reversed and*
*cause remanded with instructions.*

JOHN C. YOUNG and PEGGY L. BRYANT, JJ., concur.