OPINION
This is an accelerated calendar appeal. Appellants, Roger M. Nall and Sharon C. Nall, appeal the judgment of the Geauga County Court of Common Pleas which denied summary judgment in their favor on the claims of appellee, John A. Bond. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
This instant case deals with a dispute over the revival of a debt between appellant Roger M. Nall ("Nall") and appellee. The case arose when the Geauga Savings Bank filed a foreclosure action against appellants in July 1997 ("the 1997 foreclosure action"), from which this appeal originated. In the 1997 foreclosure action, the Geauga Savings Bank requested that appellee and the other named creditors prove their liens against appellants' residence, the subject of the foreclosure action, and that all of the liens be ascertained and marshaled in order of their priority.
Appellee filed an answer in January 1998 in which he asserted that he had a valid judgment lien against appellants' residence in excess of fifty thousand dollars. According to appellee, the judgment lien, established in December 1991, was not dormant because he attempted to collect his judgment when he filed an answer in a separate, earlier foreclosure action filed by the Geauga County Treasurer in 1992 ("the 1992 foreclosure action"). Appellee conceded both below and on appeal that the 1992 foreclosure action was subsequently dismissed without formal execution having been issued.[1]
Appellants thereafter moved the court for summary judgment in their favor on appellee's claims. According to appellants, appellee's judgment became dormant due to appellee's failure to renew his certificate of judgment lien or to obtain execution on his judgment within five years of the first filing in December 1991.[2] As a result, appellants argued that the lien on that judgment failed.
Appellants further argued that Nall received an order from the United States Bankruptcy Court discharging him of his debts effective November 24, 1997. According to appellants, this meant that appellee's dormant judgment became void and unenforceable against Nall in the 1997 foreclosure action.[3]
The trial court denied appellants' motion for summary judgment, finding that appellee's judgment lien was effectively revived by his participation in the 1997 foreclosure action. The trial court thereafter entered final judgment in the case, in which the court recognized appellee's judgment lien against Nall.
Appellants perfected a timely appeal, asserting one assignment of error for our consideration:
 "THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR SUMMARY JUDGMENT, REVIVING APPELLEE'S JOHN A. BOND'S DORMANT JUDGMENT AND ORDERING JOHN A. BOND'S JUDGMENT LIEN TO REMAIN AGAINST APPELLANTS' REAL ESTATE."
In their sole assignment of error, appellants argue that the trial court erred by reviving a dormant judgment and by ruling that appellee's judgment lien remained valid against appellants' real estate.
In the proceedings in the trial court, appellee's primary argument was that his December 1991 judgment lien never became dormant because he had filed an answer in the 1992 foreclosure action. However, pursuant to R.C. 2329.07, a judgment becomes dormant when the creditor neither renews his certificate of judgment lien nor obtains execution of judgment within five years of the filing of the last certificate of judgment lien or execution, whichever occurred later.[4]
There is no language in R.C. 2329.07 that would lead this court to believe that the filing of an answer in a subsequently dismissed foreclosure action relieves a creditor of his obligation to meet the express requirements of R.C. 2329.07. Nor do we find any of the cases cited by appellee on point with the facts of the instant case.[5]
As a result, we believe the trial court was correct in its judgment entry when it implied that appellee's December 1991 judgment lien had become dormant. Nevertheless, we take issue with that portion of the trial court's judgment entry that indicated that appellee's participation in the 1997 foreclosure action effectively revived the dormant judgment lien, and, ultimately, with the trial court's final judgment in this case. See Dresslerv. Bowling (1986), 24 Ohio St.3d 14, 15 ("Judgment liens are creatures of statute. * * * [T]his court has recognized that the creation, existence and validity of judgment liens are strictly dependent upon statutory provisions."), see, also, In re Gretchen,supra, at 285, ("Execution and dormancy statutes are to be strictly construed.").
As previously discussed, once a judgment becomes dormant pursuant to R.C. 2329.07, the Revised Code makes provision for the creditor to revive that judgment. Generally, the creditor is required to petition or move the court to revive a dormant judgment through R.C. 2325.15.[6] A creditor must file such an action within twenty-one years from the time the judgment became dormant, except in cases where the creditor was within the age of minority, of unsound mind or imprisoned at the time the judgment became dormant. R.C. 2325.18.
However, while dormancy does not remove or discharge the judgment, it does wipe out any lien created by the judgment. Indeed, the Revised Code does not make any provision to enable the creditor to revive the judgment lien. Thompson v. Slone (1991),68 Ohio App.3d 575. Thus, even when the court revives a dormant judgment, the court is without authority to revive the lien on that judgment. Id. Instead, once the court revives the dormant judgment, the creditor must file a new certificate of judgment in order to obtain a judgment lien upon the lands and tenements of the debtor. Id.
Moreover, if the trial court finds that a dormant judgment should be revived, the debtor is entitled to a show cause hearing at which he or she is permitted to show "sufficient cause" as to why the debt should not be revived. See R.C. 2325.15 and 2325.17;Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified,Inc. (1989), 64 Ohio App.3d 82. If sufficient cause is not shown, the judgment will stand revived. R.C. 2325.17.[7]
Thus, at the time the 1997 foreclosure action was filed, appellee had a dormant judgment and, as a result, no lien existed from that judgment. The record reveals that appellee never instituted proceedings to revive the dormant judgment pursuant to the above mentioned statutory provisions. Moreover, even if he had revived his dormant judgment, he never attempted to file a new judgment lien.
It follows, therefore, that the trial court should have granted appellants' motion for summary judgment on the grounds that appellee had a dormant judgment but no lien against Nall at the time when the 1997 foreclosure action was filed. Instead, the court denied the motion and sua sponte ruled that appellee had somehow revived the dormant judgment and the lien by participating in the 1997 foreclosure action.[8]
We believe this to be error. First, appellee never moved the court to revive the dormant judgment at any point in the proceedings below. Indeed, he argued that the judgment did not need to be revived because it was not dormant. Second, even if the trial court construed appellee's response to appellants' motion for summary judgment as a motion to revive the dormant judgment, there was no such notice to appellants. As a result, there was no opportunity to request a show cause hearing as provided in R.C. 2325.17, or to object to the lack of one.
Second, even if we assume that the trial court had the authority to revive, sua sponte, the dormant judgment under the facts of this case, the former judgment lien would not have automatically been revived unless it were separately filed. Thus, under any scenario, it was error to recognize appellee's lien.Thomas.
As to the impact of any bankruptcy discharge, we decline to delve into the issue of whether any such discharge operated to preclude revival of the dormant judgment.[9] If appellee subsequently attempts to petition the court for revival of the dormant judgment, appellants can raise the matter at a proper show cause hearing.
In light of the foregoing analysis, appellants' sole assignment of error is well taken to the extent indicated. The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
 __________________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
NADER, J., COX, J., Seventh Appellate District, sitting by assignment, concur.
[1] Execution is defined in R.C. 2327.01 as "a process of court, issued by its clerk, and directed to the sheriff of the county."
[2] Under Ohio law, a lien upon real estate of a judgment debtor is created immediately upon the filing of a certificate of judgment. R.C. 2329.02; In re Gretchen (1995), 184 B.R. 284, 285.
[3] Although the proceedings in the trial court were originally stayed pending the bankruptcy proceedings, the United States Bankruptcy Court subsequently lifted the stay.
[4] R.C. 2329.07, entitled "Judgment may become dormant" reads, in pertinent part: "If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of thejudgment debtor." (Emphasis added.)
[5] Appellee refers this court to the decisions inDempsey v. Bush (1868), 18 Ohio St. 376 and Lawrence v. Belger
(1877), 31 Ohio St. 175. These cases are factually distinguishable because in the case at bar, the 1992 foreclosure action was dismissed prior to the expiration of the five-year period referenced in R.C. 2329.07.
[6] R.C. 2325.15 reads, in pertinent part: When a judgment * * * is dormant, * * * such judgment may be revived, * * * in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered * * *."
[7] R.C. 2325.17 reads: "Time a lien attaches when a dormantjudgment is revived. If sufficient cause is not shown to the contrary, the judgment finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made tooperate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action." (Emphasis added.)
[8] It may be the trial court was equating Bond's participation in the foreclosure action to execution on his lien.
[9] We further note, that the record before this court does not conclusively establish that Nall was expressly discharged of his debt to appellee in the bankruptcy proceedings. Nor did the trial court rule on the issue below.