**COLUMBUS CHECK CASHERS, INC., Appellant,**

**v.**

**CARY, Appellee.**

[Cite as *Columbus Check Cashers v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–589.

Decided March 10, 2011.

Kevin O'Brien & Associates Co., L.P.A., and Kevin O'Brien, for appellant.

DORRIAN, Judge.

{¶ 1} Columbus Check Cashers, Inc. ("appellant") appeals from a judgment of the Franklin County Municipal Court denying its motion to revive a dormant judgment. Angela L. Cary ("appellee") did not file a brief in the present appeal. Upon reviewing the pertinent statutes and case law, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this decision.

{¶ 2} On March 31, 2003, appellant obtained judgment in the municipal court, against appellee, in the amount of $847.75, plus interest at the rate of ten percent per annum and court costs. Appellant did not execute upon the judgment and, after five years, the judgment became dormant pursuant to R.C. 2329.07(A)(1). On May 7, 2010, appellant filed a motion to revive the dormant judgment, along with a conditional order of revivor, incorporating by reference the judgment entered in its favor on March 31, 2003. On June 10, 2010, the trial court entered a decision denying appellant's motion to revive the dormant judgment because (1) the conditional order did not specify the amount of the original judgment and (2) the plaintiff failed to attach documentation showing the amount of the original judgment.

{¶ 3} Appellant timely filed a notice of appeal on June 23, 2010, and set forth the following assignment of error for our consideration:

> The trial court erred in denying the appellant's May 7, 2010, motion to revive dormant judgment.

{¶ 4} "Revivor of a dormant judgment is a statutory proceeding." *Thomas K. Dillon, M.D., Inc. v. Four Dev. Co.*, 6th Dist. No. L–04–1384, 2005-Ohio-5253, 2005 WL 2416093, ¶ 16. In *Taber v. Ohio Dept. of Human Servs.* (1998), 125 Ohio App.3d 742, 747, 709 N.E.2d 574, this court held that "when an appellate court is called upon to review a lower court's interpretation and application of a statute, the appellate court conducts a *de novo* review without deference to the trial court's determination." Id. at fn. 5. See *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506, 664 N.E.2d 596. Because this matter requires our review of the trial court's application of R.C. 2325.17, regarding reviving dormant judgments, we review the trial court's decision de novo.

{¶ 5} A municipal court is authorized to revive judgments pursuant to R.C. 1901.13(A)(2), which states:

> In any action or proceeding of which a municipal court has jurisdiction, the court or any judge of the court has the power to do all of the following:
> * * *

(2) Issue any necessary orders in any proceedings before and after judgment, for * * * revivor of judgment.

{¶ 6} "Inasmuch as the procedure to revive judgments is not set forth in R.C. 1901.01 to 1901.37, pursuant to R.C. 1901.21(A), the procedure is the same as in the court of common pleas." *Heselden Plumbing Co. v. Justice* (Mar. 13, 1986), 10th Dist. No. 85AP-733, 1986 WL 3213. R.C. 1901.21(A) instructs that "[i]n any civil case or proceeding for which no special provision is made in this chapter, the practice and procedure in the case or proceeding shall be the same as in courts of common pleas. If no practice or procedure for the case or proceeding is provided for in the courts of common pleas, then the practice or procedure of county courts shall apply."

{¶ 7} Generally, there are two types of revivors: (1) revivor of actions where a party dies or becomes incompetent, requiring that another party be substituted in its place, and (2) revivor of judgments becoming dormant pursuant to R.C. 2329.07(A)(1), requiring no party substitution. Civ.R. 25 governs the procedure for the former type of revivor,[1] whereas R.C. 2329.07, 2325.15, and 2325.17 govern the procedure for the latter type of revivor. It is this latter type of revivor, where a judgment becomes dormant, which is the subject of the present appeal.

{¶ 8} R.C. 2329.07(A)(1) addresses the time in which a judgment becomes dormant:

If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

{¶ 9} R.C. 2325.15 addresses the procedures set forth for reviving dormant judgments:

---

1. In *Leroy Jenkins Evangelistic Assn., Inc. v. Equities Diversified, Inc.* (1989), 64 Ohio App.3d 82, 580 N.E.2d 812, this court held that R.C. 2311.27 and 2311.28 appear to have been repealed by Am.H.B. No. 1201 (enacting the Rules of Civil Procedure) in 1971. However, the court held, pursuant to Section 3 of that bill, R.C. 2311.27 and 2311.28 still govern the procedure for conditional orders of revivor where a party dies or becomes incompetent, and therefore, R.C. 2311.27 and 2311.28 were not superceded by Civ.R. 25. Because revivor of actions where a party dies or becomes incompetent is not the subject of this appeal, we decline to address, at this time, whether such a revivor is also subject to R.C. 2311.27 and 2311.28.

When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

{¶ 10} R.C. 2325.17 addresses when a judgment can be considered revived and the time frame in which a lien attaches to a judgment debtor's property, once a dormant judgment is revived. It provides:

If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and *thereafter* may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

(Emphasis added.)

{¶ 11} In the present matter, the sole issue before this court is whether R.C. 2325.15 and/or 2325.17 should be interpreted to require the judgment creditor to provide the trial court with specific information, in the conditional order of revivor, regarding the amount due and owing upon the original judgment, or whether reference to the judgment of record stands sufficient for the judgment to be revived.

{¶ 12} We begin with the principle that "[w]here the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer* (1944), 143 Ohio St. 312, 55 N.E.2d 413, paragraph five of the syllabus. Further, "if a statute is clear and unambiguous on its face, it 'may not be restricted, constricted, qualified, narrowed, enlarged or abridged' under the guise of statutory construction.'" *Taber,* 125 Ohio App.3d at 747, 709 N.E.2d 574, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 78 N.E.2d 370, paragraph five of the syllabus. Thus, "[i]t is only where the words of a statute are ambiguous or are based upon an uncertain meaning or there is an apparent conflict of some provisions that a court has the right to interpret a statute." *Drake–Lassie v. State Farm Ins. Cos.* (1998), 129 Ohio App.3d 781, 788, 719 N.E.2d 64, citing *Kroff v. Amrhein* (1916), 94 Ohio St. 282, 114 N.E. 267. Therefore, "[u]nless words are otherwise defined or a contrary intent is clearly expressed," we must give words contained in a statute "their plain and ordinary meaning." *Cincinnati Metro. Hous. Auth. v.*

*Morgan,* 104 Ohio St.3d 445, 2004-Ohio-6554, 820 N.E.2d 315, ¶ 6, citing *Coventry Towers, Inc. v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 480 N.E.2d 412, and *Youngstown Club v. Porterfield* (1970), 21 Ohio St.2d 83, 86, 255 N.E.2d 262.

{¶ 13} Here, R.C. 2325.15 plainly states that a court may revive a dormant judgment "[1] in the manner prescribed for reviving actions before judgment, or [2] by action in the court in which such judgment was rendered or finding made, or [3] in which transcript of judgment was filed." In the present matter, the record reflects that appellant, pursuant to R.C. 2325.15, filed a motion to revive dormant judgment, along with a conditional order of revivor, in the Franklin County Municipal Court, where judgment was originally rendered on March 31, 2003.

{¶ 14} Further, R.C. 2325.17 plainly states that "[i]f sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action."

{¶ 15} In its entry dated June 10, 2010, the trial court cites R.C. 1901.49 [sic] as the reason for its holding that "the court must make a finding as to how much is owed on the dormant judgment." After a thorough search of the Ohio Revised Code, it appears that R.C. 1901.49 does not exist. However, we believe that the trial court intended to cite R.C. 1907.49, which governs the procedure for reviving dormant judgments in county courts. R.C. 1907.49 states that "[a] judgment that is rendered by a judge of a county court and that is dormant, may be revived in the manner prescribed for reviving dormant judgments in the court of common pleas. If sufficient cause is not shown to the contrary, the judgment shall stand revived for the amount that the judge finds to remain due and unsatisfied upon it."

{¶ 16} As stated above, R.C. 1901.21(A) "mandates a 'gap filler' rule to be followed in civil cases in which general procedural rules are absent or, at least, in doubt." *Toledo Edison Co. v. Allen* (1983), 13 Ohio App.3d 108, 111, 468 N.E.2d 373. Pursuant to R.C. 1901.21(A), a municipal court shall look to a court of common pleas for guidance when the Ohio Revised Code is silent regarding a practice or procedure in a civil action. If, however, a court of common pleas is also silent regarding a particular practice or procedure, a municipal court shall look to a county court, and the practice or procedure of the county court would apply. Here, R.C. 2325.15 and 2325.27 clearly set forth the procedure for a court of common pleas to revive a dormant judgment. Therefore, a municipal court must proceed according to R.C. 2325.15 and 2325.17, instead of R.C. 1907.49.

■■ {¶ 17} R.C. 2325.17 unequivocally states that if sufficient cause is not shown to the contrary, the judgment shall stand revived, and *"thereafter* may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied." (Emphasis added.) We read this provision to mean that upon revival of the dormant judgment, a judgment creditor may execute upon the judgment, and at that time, the amount remaining due and unsatisfied must be disclosed to the trial court and the judgment debtor.

■ {¶ 18} Therefore, R.C. 2325.15 and/or 2325.17, as written, do not require the judgment creditor to provide proof, at the time of revivor, regarding the amount due and unsatisfied on the original judgment. Nor do the statutes require the trial court to supplant the original judgment on record with a new judgment at the time of revivor. Finally, R.C. 2325.15 and/or 2325.17 do not require the trial court to make a finding as to the amount still due and unsatisfied on the original judgment.

{¶ 19} In *Bartol v. Eckert* (1893), 50 Ohio St. 31, 33 N.E. 294, the Supreme Court of Ohio stated that "[s]eeking to revive a judgment does not involve the creation of a new action, but merely the institution of a special proceeding within the original action." Id. at 45. Further, "[i]n a proceeding in revivor it is not competent to relitigate the question involved in the original suit or to collaterally impeach the record and judgment." *Nestlerode v. Foster* (1893), 8 Ohio C.C. 70. In *Van Nover v. Eshleman* (1911), 14 Ohio C.C. (N.S.) 348, 349, the court stated that "[a] conditional order of revivor is a revivor of the judgment subject to be defeated by the judgment debtor showing that the judgment has been paid, settled or barred by the statute of limitations, as these are practically the only defenses that can be made to the revivor of a dormant judgment." This court has followed *Van Nover'*s reasoning, holding that judgment debtors can set aside a conditional order of revivor by showing proof that the debt was either paid or settled or that the debt is barred by the statute of limitations. *Heselden Plumbing Co.,* 10th Dist. No. 85AP–733. Therefore, upon the granting of a conditional order of revivor, it is incumbent upon the judgment debtor to challenge the existing judgment, if applicable, by presenting the defenses set forth above to the trial court for review.

{¶ 20} Notwithstanding the foregoing, this court does share the concern of the trial court that judgment creditors not take advantage of judgment debtors and that revived judgments facilitate recovery of an accurate amount due and unsatisfied. Thus, it is important to note that judgment creditors must take additional steps, subsequent to the revivor of judgment, in order to properly execute upon the property of the judgment debtor. In *Thompson v. Slone* (1991), 68 Ohio App.3d 575, 589 N.E.2d 118, we held that the revivor of a dormant

judgment did not automatically revive the lien affixed to the judgment debtor's property, but that subsequent action on the part of the judgment creditor must be taken in order to execute upon the revived judgment. As a requirement of these subsequent actions to execute the revived judgment, the judgment creditor must disclose the specific amount due and unsatisfied on the judgment.

{¶ 21} R.C. 2329.02, regarding judgment liens, states that "[a]ny judgment or decree rendered by any court of general jurisdiction * * * shall be a lien upon lands and tenements of each judgment debtor * * * from the time there is filed * * * a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, *the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues,* the date of rendition of the judgment, and the volume and page of the journal entry thereof." (Emphasis added.)

{¶ 22} Further, R.C. 2716.05, regarding garnishment of personal earnings, states that in a court order and notice of garnishment, the order must disclose that "[t]he total probable amount now due on this judgment is $_____. The total probable amount now due includes the unpaid portion of the judgment in favor of the judgment creditor, which is $_____; interest on that judgment and, if applicable, prejudgment interest relative to that judgment at the rate of _____% per annum payable until that judgment is satisfied in full; and court costs in the amount of $_____."

{¶ 23} Therefore, although a judgment creditor is not required to specify the amount of the original judgment in its conditional order of revivor, the Ohio Revised Code does mandate disclosure of the specific amount due and unsatisfied in order to file a judgment lien and/or garnish the personal earnings of a judgment debtor, subsequent to reviving the dormant judgment.

{¶ 24} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Municipal Court and remand this cause for further proceedings in accordance with law and consistent with this decision.

Judgment accordingly.

TYACK and CONNOR, JJ., concur.