[Cite as *Huntington Natl. Bank v. Haas*, 2019-Ohio-2556.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HUNTINGTON NATIONAL BANK | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018CA00182 |
| CONNIE HAAS, ET AL | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING: Civil appeal from the Stark County Court of Common Pleas, Case No. 2011CV00841

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 25, 2019

APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

STEVE SHANDOR                         THOMAS SKIDMORE
200 Market Avenue, North              One Cascade Plaza, 12th Floor
Suite 300                                   PNC Center Building
Canton, OH  44702                      Akron, OH 44308

*Gwin, P.J.*

{¶1} Appellant appeals the November 28, 2018 judgment entry of the Stark County Court of Common Pleas granting appellee's motion to revive judgment.

*Facts & Procedural History*

{¶2} On March 16, 2011, the trial court entered judgment in favor of appellee Huntington National Bank against appellant Connie Haas for $1,129,071.92, including interest through February 25, 2011, plus interest thereafter at $198.61920 per diem, until satisfied. The trial court entered the judgment on a promissory note and a commercial guaranty which appellant executed.

{¶3} Appellee filed a motion to revive the March 16, 2011 judgment on September 7, 2018. Appellee sought to revive the judgment pursuant to R.C. 2325.15. Appellant was served with the motion to revive by certified mail on September 14, 2018. Appellant filed a response in opposition to the motion to revive on November 13, 2018. Appellee filed a reply on November 14, 2018.

{¶4} The trial court held a hearing on appellee's motion on November 20, 2018. Sterling Morris ("Morris"), the director of special assets at Huntington Bank, testified he manages the recovery department and his job duties include collection efforts after judgment. Morris reviewed and maintained the bank records with regard to the loan at issue in this case. Morris testified to Exhibit 1, the payoff amount for appellant, as guarantor, and to Exhibit 2, the commercial loan guaranty showing the borrower as Richard Henry Haas Enterprises, LLC, with the guarantor being appellant. Morris testified the commercial loan payoff document was created August 24, 2018, and shows a total amount due of $1,291,991.39. Morris stated that, since the time the payoff document

was created on August 24, 2018, the bank has not received any payments towards the balance; thus, the balance remains the same, plus the applicable interest.

{¶5} On cross-examination, Morris testified the amount of the original loan was $1,530,000.00. Morris confirmed the balance as of August 24, 2018 was $1,291,991.39 and testified there have not been any payments made towards that loan since then. Morris testified it is his understanding that the bank could release a mortgage without releasing the note that goes with that mortgage. Morris stated it is not necessarily true that with a satisfaction of mortgage the bank is indicating the note has been paid. Morris testified the bank has a choice between executing a release of mortgage and a satisfaction of mortgage. When asked with a satisfaction of mortgage is the bank indicating it has been paid, Morris stated, "No * * * that is not my interpretation." As to Exhibit I, a certificate of satisfaction dated May 10, 2013, Morris testified the document states it releases the mortgage. Morris does not know why this was filed in 2013. As to the affidavit dated April 9, 2014, Morris stated he is not aware of the affidavit. Morris testified the payoff amount he provided is the amount due and there is no record of payments coming in to pay down that balance. Morris does not know why there was an affidavit filed in April of 2014 stating the amount due was $32,545.52. Morris was not sure how the principal balance due was originally calculated. As to Exhibit G, a satisfaction of mortgage dated August of 2010, Morris stated it is a document executed and signed by Huntington National Bank. Morris is not aware of any indications Huntington gave appellant that she would not be obligated under the note and/or mortgage once the property was auctioned.

**{¶6}** On re-direct, Morris testified neither Exhibit G nor Exhibit H states the underlying notes have been fully paid and released and that, in his experience as a bank officer, it is possible to release and/or satisfy a mortgage without the underlying note being discharged. As to Exhibit I, Morris stated the document says "released," not "fully paid" and there is no indication that the underlying note was fully paid. Upon Morris' review of the bank records in question, it is his opinion that the payoff submitted as Exhibit 1 is the valid amount due and owing at this time from appellant.

**{¶7}** Counsel for appellee objected to the introduction and questioning regarding releases that were signed or recorded prior to the judgment. The trial court permitted the evidence to come in.

**{¶8}** The trial court issued a judgment entry granting appellee's motion to revive judgment on November 28, 2018. The trial court noted that appellant contends the judgment should not be revived due to the filing of three separate documents: (1) a satisfaction of mortgage of a $100,000 mortgage filed in Summit County on August 5, 2010; (2) a satisfaction of mortgage of a $1,530,000 mortgage and accompanying assignment of rents filed in Summit County on August 5, 2010; and (3) a certificate of satisfaction releasing a mortgage filed in Summit Count on May 10, 2013. The trial court stated appellee presented testimony that the underlying judgment is not satisfied and introduced into evidence the current commercial loan payoff amount. The trial court also stated appellee argues only the mortgage, not the underlying debt, was released in the documents referenced by appellant.

**{¶9}** The trial court found that to prevent revivor, the judgment debtor must show that the judgment has been paid, settled, or barred by the statute of limitations. The trial

court further found that the judgment debtor is limited to evidence that accrues following the judgment, as the judgment debtor cannot challenge the original judgment in opposition to a motion to revive because the original issues cannot be relitigated.

{¶10} The trial court found appellant's reliance on the two satisfactions of mortgage in 2010 inapposite because the court may consider only matters occurring after the entry of the March 16, 2011 judgment to bar revivor. Further, that to consider any documents created prior to the entry of judgment would be to allow an impermissible collateral attack on the judgment. The trial court found the certificate of satisfaction dated May 10, 2013, provides only that the $1,530,000 mortgage is released and the certificate does not provide the mortgage was paid in full. The trial court additionally noted that a promissory note and mortgage are two totally separate instruments.

{¶11} The trial court concluded appellee presented testimony that the judgment was unsatisfied and there was no evidence the promissory note and commercial guaranty were paid. Thus, the trial court ordered the judgment revived.

{¶12} Appellant appeals the November 28, 2018 judgment entry of the Stark County Common Pleas Court and assigns the following as error:

{¶13} "I. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT SPECIFICALLY EXCLUDED EVIDENCE OF RECORDED DOCUMENTS FILED BY DEFENDANT-APPELLANT HUNTINGTON EVIDENCING FULL SATISFACTION OF BOTH MORTGAGES UPON WHICH THE ORIGINAL JUDGMENT WAS TAKEN AND GRANTING ITS MOTION TO REVIVE JUDGMENT.

{¶14} "II. THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT REVIVED THE ORIGINAL JUDGMENT WITHOUT PROPER EVIDENCE AND

HUNTINGTON FAILED TO PROVIDE ACCURATE PROOF OF THE CLAIMED AMOUNT DUE."

I.

{¶15} In her first assignment of error, appellant argues the trial court committed error when it excluded evidence of recorded documents filed by appellant evincing full satisfaction of both mortgages upon which the original judgment was taken. Appellant contends appellee clearly filed certificates of satisfaction with respect to both mortgages and this satisfaction is a complete defense to the motion to revive and thus appellee wrongfully filed and obtained a judgment against appellant on a cognovit note associated with the mortgages which it had filed satisfactions for.

{¶16} A motion to revive can be defeated only if the judgment debtor shows the judgment has been paid or settled, or is barred by the statute of limitations. *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897; *Mansfield Truck Sales & Service, Inc. v. Fortney*, 5th Dist. Ashland No. 2008-COA-040, 2009-Ohio-2686. Appellant argues Exhibits G and H establish that she fully paid the debt. Exhibit G is a satisfaction of mortgage document filed in Summit County on August 5, 2010 with regards to a $100,000 mortgage and Exhibit H is a satisfaction of mortgage document filed in Summit County on August 5, 2010 with regards to a $1,530,000 mortgage. The trial court admitted Exhibits G and H at the hearing, but found in its judgment entry appellant's reliance on Exhibit G and H inapposite because to consider these documents would allow an impermissible collateral attack on the 2011 judgment. We agree with the trial court.

{¶17} A challenge to the validity of the judgment cannot be asserted in a revivor proceeding. *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-

5897. The correct procedure to raise an alleged error in the judgment is with a motion to vacate or a direct appeal of the judgment. *Id.* This is because a proceeding to revive a judgment is not a new action, but is merely a motion in the original action. *Columbus Division of Income Tax v. Abdulshafi*, 10th Dist. Franklin No. 09AP-903, 2010-Ohio-3021; *State v. Jones*, 12th Dist. Warren No. CA2000-020-15, 2000 WL 153701. "If at the time it entered the original judgment, a court had subject matter jurisdiction and personal jurisdiction, any defense which could have been raised in the original action is waived and cannot be asserted in a revivor proceeding." *Mansfield Truck Sales & Service, Inc. v. Fortney*, 5th Dist. Ashland No. 2008-COA-040, 2009-Ohio-2686; *Heselden Pluming Co. v. Justice*, 10th Dist. Franklin No. 85AP-733, 1986 WL 3213 (March 13, 1986) (holding the causes sufficient to bar a revivor of a judgment are those causes which occurred after the judgment was rendered); *Omni Credit Services v. Leston*, 2nd Dist. Montgomery No. 25287, 2013-Ohio-304.

{¶18} Appellant's reliance on Exhibits G and H, both documents dated approximately seven months prior to the March 16, 2011 judgment, is an attempt to introduce evidence of defenses potentially available to her in the original action and is thus an impermissible collateral attack on the original judgment. Appellant did not appeal or otherwise directly attack the March 16, 2011 judgment. As such, she is precluded from collaterally attacking the validity of the judgment in defending against the motion to revive.

{¶19} Appellant additionally contends she can collaterally attack the original judgment because a judgment that is void can be attacked at any time. Ohio law provides that a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act, whereas a voidable judgment is one

rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. The authority to vacate a void judgment is not derived from Civil Rule 60(B), but "rather constitutes an inherent power possessed by Ohio courts." *Patton v. Diemeri,* 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). A judgment by a court lacking jurisdiction is void, and thus subject to collateral attack at any time. *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306. Appellant provides no evidence that the trial court lacked jurisdiction or the authority to enter the judgment on March 16, 2011. Accordingly, appellant cannot collaterally attack the March 16, 2011 judgment by using the certificates of satisfaction of mortgage that pre-date the March 16, 2011 judgment.

**{¶20}** Finally, as noted by the trial court, a promissory note and mortgage are two separate instruments. While Exhibits G and H state the mortgages were paid, satisfied, and discharged, they do not state that the accompanying notes were fully paid, satisfied, or discharged. A promissory note and a mortgage are two separate instruments. *Bank One, Dover, N.A. v. J.A.M. Transportation Services*, 5th Dist. Tuscarawas No. 96AP040040, 1997 WL 115673 (March 6, 1997). Morris testified it is his understanding that the bank could release a mortgage without releasing the note that goes with the mortgage and the filing of a satisfaction of mortgage does not necessarily indicate the note has been paid. Further, Morris stated that neither Exhibit G nor Exhibit H state the underlying notes had been fully paid and/or released. Appellant did not introduce any evidence to dispute Morris' testimony.

**{¶21}** Appellant's first assignment of error is overruled.

II.

{¶22} In her second assignment of error, appellant contends the lower court committed error when it revived the judgment without proper evidence and that appellee failed to provide accurate proof of the claimed amount due.

{¶23} R.C. 2325.15 addresses the procedures set forth for reviving dormant judgments and provides as follows:

> When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

{¶24} R.C. 23215.17 addresses when a judgment can be considered revived and the time frame in which a lien attaches to a judgment debtor's property once a dormant judgment is revived and states:

> If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands the tenements of each judgment debtor for the amount which the court finds

to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

**{¶25}** As reasoned by the Tenth District, R.C. 2325.15 and/or R.C. 2325.17, "do not require the judgment creditor to provide proof, at the time of the revivor, regarding the amount due and unsatisfied on the original judgment" and do not require the trial court to make a finding as to the amount still due and owing on the original judgment. *Columbus Check Cashers, Inc. v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812 (10th Dist. Franklin). This is because, subsequent to the revivor of the judgment, a judgment creditor must take additional steps to execute on the property of the judgment debtor. *Id.* "The revivor of a dormant judgment does not automatically revive the lien affixed to the judgment debtor's property, but subsequent action on the part of the judgment creditor must be taken in order to execute upon the revived judgment." *Id.* At that time, as a requirement of these subsequent actions to execute the revived judgment such as the filing of a judgment lien or garnishment, the judgment creditor must set forth the specific amount due and unsatisfied on the judgment to the trial court and the judgment debtor. *Id.* Based upon this reasoning, we find appellee was not required to prove and the trial court was not required to enter a finding as to the amount due and owing on the original judgment at the time the revivor was granted.

**{¶26}** Appellant finally argues the trial court erred in granting the motion to revive because the evidence, even excluding Exhibits G and H, demonstrates the debt has been paid. Appellant cites Exhibit I, a certificate of satisfaction releasing mortgage filed in Summit County on May 10, 2013, and an affidavit attached to a previous garnishment proceeding in support of her argument.

**{¶27}** The trial court found appellee presented testimony that the underlying judgment is not satisfied and appellee introduced into evidence the current commercial loan payoff amount. The trial court found the certificate of satisfaction dated 2013 provides only that the mortgage is released, not fully paid. The trial court granted the motion to revive because appellee presented testimony that the judgment was unsatisfied and there was no evidence the note and commercial guaranty were paid.

**{¶28}** Though appellant argues Morris' testimony contradicts the affidavit filed in 2014 and thus the trial court should not have revived the judgment, as an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. *Markel v. Wright*, 5th Dist. Coshocton No. 2013CA0004, 2013-Ohio-5274. Further, "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). The underlying rationale for giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. *Id.* Accordingly, a trial court may believe all, part, or none of the testimony of any witness who appears before it. *In re the Estate of Gordon*, 5th Dist. Richland No. 13-CA-77, 2014-Ohio-2087.

**{¶29}** We find there is competent and credible evidence to supporting the findings of fact and conclusions of law of the trial court. Morris testified to Exhibit 1, the commercial loan payoff document, stating that as of August 24, 2018, the payoff amount was $1,291,991.39. Morris also testified that since the time when the payoff document was

created, the bank has not received any payments towards the balance; thus, the balance remains the same, plus applicable interest.  As to Exhibit I, Morris stated the document states it releases the mortgage, however, it does not say "fully paid" and there is no indication that the underlying note was fully paid.  As to the affidavit attached to a previous garnishment proceeding, Morris testified he does not know why it was filed with the amount due of $32,545.52 because the payoff amount Morris provided is the amount due and there is no record of payments coming in to pay down that balance.  Morris stated that, upon his review of the bank records, it is his opinion that the payoff submitted as Exhibit 1 is the valid amount due and owing at this time from appellant.

{¶30}  Appellant's second assignment of error is overruled.

{¶31}  Based on the foregoing, appellant's assignments of error are overruled.

{¶32}  The November 28, 2018 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur