[Cite as *Auto Now Acceptance Co., L.L.C.*, 2020-Ohio-3447.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

AUTO NOW ACCEPTANCE CO., LLC,   :

    Plaintiff-Appellant,   :   Case No. 19CA3883

    vs.   :

SHAWNA BRICKEY,   :   DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.   :

_____

APPEARANCES:

Chadwick K. Sayre, Portsmouth, Ohio, for appellant.

Shawna Brickey, New Boston, Ohio, pro se appellee.[1]

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-17-20
ABELE, J.

{¶ 1} This is an appeal from a Portsmouth Municipal Court judgment that denied a request by Auto Now Acceptance Co., LLC, plaintiff below and appellant herein, to garnish personal earnings. Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED IN DENYING AN ORDER OF
> GARNISHMENT BASED UPON AN INCORRECT
> INTERPRETATION OF OHIO REVISED CODE 2716.031(A)."

{¶ 2} In April 2006, appellant filed a complaint against Shawna Brickey, defendant below and appellee herein, to collect on a debt. The parties later entered into an agreed judgment and

_____

[1] Appellee did not enter an appearance in this appeal.

appellee confessed judgment in the amount of $3,424.48 plus interest, at the rate of 19.95% from January 20, 2006.   Appellee also agreed to pay $50 per month until she satisfied the judgment. The trial court subsequently issued a garnishment order to appellee's employer, Small Steps Day Care and the employer filed interim reports and answers through September 21, 2009.   No further activity occurred in the case until December 14, 2018.

{¶ 3} On December 14, 2018, appellant filed a motion to revive the 2006 judgment.   The trial court granted appellant's motion.   On April 8, 2019, appellant filed a notice and affidavit to appellee of the current balance due on the account.   Appellee did not respond.

{¶ 4} On May 28, 2019, appellant filed an affidavit for garnishment of appellee's personal earnings.   However, on June 13, 2019, the trial court denied appellant's request to garnish appellee's personal earnings because, as the court determined, appellant had not complied with R.C. 2716.031(A) and filed annual accountings with the court.   This appeal followed.

I.

{¶ 5} In its sole assignment of error, appellant asserts that the trial court erred by denying appellant's request to garnish appellee's wages.   In particular, appellant contends that the trial court incorrectly determined that R.C. 2716.031(A) required appellant to continue to file an annual affidavit of balance due, even when the judgment became dormant.

{¶ 6} R.C. 2716.01(A) authorizes a judgment creditor to garnish a judgment debtor's personal earnings "only through a proceeding in garnishment of personal earnings and only in accordance with this chapter."   The garnishment statutes require a person seeking a personal-earnings garnishment order to give the judgment debtor a written demand for the

amount of the judgment that exceeds any exempt personal earnings. R.C. 2716.02(A). If the judgment debtor fails to comply with the written demand within the specified time period, then the judgment creditor may begin garnishment proceedings.

{¶ 7} R.C. 2716.03(A) sets forth the requirements for a garnishment proceeding. The statute provides that a judgment creditor may seek a personal-earnings garnishment by filing a written affidavit that contains all of the following:

> (1) The name of the judgment debtor whose personal earnings the judgment creditor seeks to garnish;
> (2) The name and address of the garnishee who may be an employer of the judgment debtor and who may have personal earnings of the judgment debtor;
> (3) That the demand in writing, as required by section 2716.02 of the Revised Code, has been made;
> (4) That the payment demanded in the notice required by section 2716.02 of the Revised Code has not been made, and a sufficient portion of the payment demanded has not been made to prevent the garnishment of personal earnings as described in section 2716.02 of the Revised Code;
> (5) That the affiant has no knowledge of any application by the judgment debtor for the appointment of a trustee so as to preclude the garnishment of the judgment debtor's personal earnings;
> (6) That the affiant has no knowledge that the debt to which the affidavit pertains is the subject of a debt scheduling agreement of a nature that precludes the garnishment of the personal earnings of the judgment debtor under division (B) of this section.

{¶ 8} After a court issues a personal-earnings garnishment order, the court must notify the garnishee and the judgment debtor. R.C. 2716.03(C). Additionally, R.C. 2716.031(A) requires a judgment creditor to "file with the court, the garnishee, and the judgment debtor an affidavit of current balance due on garnishment order that contains the current balance due on the order." The statute further provides that "[t]he judgment creditor * * * shall file the affidavit on an annual basis." *Id.*

{¶ 9} In the case sub judice, the trial court determined that because appellant did not file the R.C. 2716.031(A) affidavit on an annual basis, appellant cannot now request a new personal-earnings garnishment order upon reviving the dormant judgment. We believe, however, that this view does not conform with the law that governs the nature of dormant and revived judgments. Instead, the law governing revived judgments indicates that a revived judgment is not a continuation of a dormant judgment, but in essence creates a new judgment that a judgment creditor may seek to enforce. A dormant judgment "may not be enforced, and is thus without legal effect, unless the judgment is revived in accordance with R.C. 2325.15." *In re Stoddard*, 248 B.R. 111, 116–17, 2000 WL 419843 (Bankr. N.D. Ohio 2000), citing 62 Ohio Jur.3d Judgments, Section 153.

{¶ 10} In the case sub judice, no issue has been raised as to whether the original garnishment had become dormant. Because it had become dormant, it was without legal effect and filing an R.C. 2716.031(A) annual affidavit on a dormant garnishment order would have no significance and appears to be a legal nullity. Moreover, the revival of a dormant judgment does not automatically revive any liens or garnishments attached to that dormant judgment. *Thompson v. Slone*, 68 Ohio App.3d 575, 589 N.E.2d 118 (10th Dist. 1991). "R.C. 2325.15 speaks in terms of the judgment being revived, not the lien itself being revived."[2] *Id.* at 578.

---

[2] R.C. 2325.15 states:

When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

Additionally, R.C. 2325.17 "implies that the reviving of a judgment does not literally revive a lien but allows for the creation of a new one."[3]   *Id.* Consequently, a judgment creditor must take action to execute upon the revived judgment.

{¶ 11} We also recognize that other courts have held that the revivor statutes, R.C. 2325.15 and R.C. 2325.17, "do not require the judgment creditor to provide proof, at the time of the revivor, regarding the amount due and unsatisfied on the original judgment." *Columbus Check Cashers, Inc. v. Cary*, 196 Ohio App.3d 132, 2011-Ohio-1091, 962 N.E.2d 812 (10th Dist. Franklin); *accord Huntington Natl. Bank v. Haas*, 5th Dist. No. 2018CA00182, 2019-Ohio-2556, 139 N.E.3d 601, 2019 WL 2613462, ¶¶ 23-25.   The *Columbus Check Cashers* court noted that R.C. 2325.17 states that the judgment shall stand revived, and "thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied."   *Id.* at ¶ 17.   The court interpreted R.C. 2325.17 "to mean that upon revival of the dormant judgment, a judgment creditor may execute upon the judgment, and at that time, the amount remaining due and unsatisfied must be disclosed to the trial court and the judgment debtor."   *Id.*

{¶ 12} After our review in the case sub judice, we do not agree with the trial court's determination that appellant's failure to file an R.C. 2316.031(A) annual affidavit now precludes appellant from seeking to execute upon a revived judgment.   Instead, when a judgment and

---

[3] R.C. 2325.17 provides:

> If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

garnishment order has become dormant, a judgment creditor need not continue to file an R.C. 2316.031(A) annual affidavit.  We also point out that R.C. 2716.08 provides that a continuous order of garnishment of personal earnings ceases to remain in effect if the judgment debtor's employment with the garnishee is terminated.  Although the record in the case sub judice does not clearly show that appellee's employment with the original garnishee was terminated, the last filing from the garnishee occurred in September 2009.  After that filing, the next filing is appellant's December 2018 motion to revive the judgment.  Thus, because the record suggests that the original garnishment order had ceased to remain in effect, appellant did not have a duty to file an R.C. 2316.031(A) annual affidavit.

{¶ 13} Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error, reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

## JUDGMENT ENTRY

It is ordered that the judgment be reversed and remanded for further proceedings consistent with this opinion.   Appellant shall recover of appellee the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.